UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )     Crim. No. 05-10019-RGS |
| DANIEL W. McELROY, | ) |
| AIMEE J. KING McELROY, and | ) |
| XIEU VAN SON, | ) |
| | ) |
| defendants. | ) |

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
COUNTS TWO THROUGH FOUR OF THE INDICTMENT

The United States, by its undersigned counsel, opposes the Motion of Defendants,

Daniel W. McElroy and Aimee J. King McElroy, to Dismiss Counts Two through Four of the

Indictment Because the Alleged Mailings Were Not in Furtherance of a Scheme to Defraud, June

30, 2005 (hereinafter "Mot. to Dismiss Counts Two-Four").  As detailed below, the charged

mailings fall well within the ambit of the mail fraud statute, 18 U.S.C. §1344, particularly in

light of the "liberal construction" the First Circuit affords the "in furtherance" requirement of

that statute.  United States v. Serino, 835 F.2d 924, 928 (1st Cir. 1987).

Defendants contend that the mailings at issue in this case, Information Pages mailed from

insurance companies to the defendants, which set forth the fraudulently reduced premiums for

defendants' workers compensation insurance policies, were somehow not "in furtherance" of the

defendants' fraud scheme.  Mot. to Dismiss Counts Two-Four, at 1-2.  Thus, they claim, Counts

Two through Four fail to state offenses under the Mail Fraud statute.

1

The issue of whether a particular mailing was "in furtherance" is, ultimately, one of fact to be submitted to the jury.  For present purposes the Court must take the factual allegations in the indictment as true.  See generally Boyce Motor Lines v. United States, 342 U.S. 337, 343 n.16 (1952); United States v. Barker Steel Co., 985 F.2d 1123, 1125 (1st Cir. 1993).  On their face, the allegations of the Indictment, which charges that the mailings in question were sent "for the purpose of executing" the alleged fraud scheme are plainly sufficient.  This alone is reason enough to reject defendants' claims.

As a practical matter, however, the issue is one that may readily be disposed of on the merits by even a cursory review of the documents in question.  Under the general standards articulated by the Supreme Court in Schmuck v. United States, 489 U.S. 705 (1989), a mailing will satisfy the "in furtherance" requirement so long as it is "incident to an essential part of the scheme" or "a step in the plot."  489 U.S. at 710-11, 715.  The post-Schmuck rulings of the First Circuit, some of which are detailed below, belie the defendants' suggestion that somehow the Indictment is insufficient, as a matter of law.

The mailings at issue in this case were the direct fruit and object of the defendants' fraud. The mailings charged in Counts 2 and 3 are original "Information Pages."  "Information Page," is the formal term for the cover page of an insurance policy.  In this case, the Information Pages were part of the fraudulently-obtained insurance policies that were the object of the defendants' scheme to defraud workers compensation insurance carriers.  This is explicitly stated on the face of the mailed documents themselves, which defendants characterize in their brief, but fail to include for the Court's review.  See Exhibits A & B ("THIS INFORMATION PAGE WITH THE WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETES THE ABOVE NUMBERED POLICY.").

The Information Page is not just <u>a</u> part of an insurance policy; by any commonsense measure it is <u>the</u> critical part of the insurance policy.  Unlike the boilerplate sections of the policy, the Information Page sets forth the key terms of the particular policy in question, including the policy number, policy period, the State or States within which coverage is provided, the amount of coverage provided, and the premium.  The coverage shown on the Information Page, and the premiums reflected in that document – being fraudulently reduced as a result of the defendants' fraudulent concealment of their true payroll – represent the consummation the fraud scheme in this case.

The Amendment of Information Page, the mailing of which is charged in Count 4, is equally central to the fraud scheme.  This particular document (Exhibit C), reflects a "return premium" of $124,653.  As set forth in the attached sheets, labeled "Workers Compensation and Employers Liability Policy, Extension of Information Page Quote" this document reflects the fact that the insurance company had determined that the defendants were owed a credit or "return" of premium, based upon an interim audit during which defendants had demonstrated[1] that the payroll for the entity in question, Daily A. King Labor, Inc., was lower than previous estimates.  The point of the fraud was not merely to make false statements, but to persuade the insurers to accept those false statements in calculating their premiums.

Defendants assert that "nothing about these mailings furthers the alleged fraud" and that they were at most "a by-product of the alleged scheme."  Mot. to Dismiss Counts Two-Four, at 3. Defendants claim that these Information Pages are somehow insufficiently "in furtherance" of the fraud because they are not the "actual invoices for falsely procured workers compensation

---

[1]     As alleged in the Indictment, in actuality, the defendants had fraudulently concealed their business' true payroll from the auditors.

3

insurance policies or requests for confirmation of false representations concerning payroll information." <u>Id.</u> at 6.  They ignore, however, that the Information Pages are part of the fraudulently procured workers compensation insurance policies themselves.  Indeed, these mailings are every bit as central to the charged fraud scheme as would be the invoices or any requests for confirmation.  Whatever distinction defendants are trying to make, it is evanescent at best.

The short answer to defendants' contentions is that the First Circuit's decision in <u>United States v. Morrow</u>, 39 F.3d 1228 (1st Cir.1994), establishes beyond peradventure that an insurance company's mailing, acknowledging receipt and/or acceptance of fraudulent information submitted by the architect of a fraud scheme, is sufficient to satisfy the requirements of the mail fraud statute:

> Aetna's acknowledgment letter did not itself involve any deception, but it was "incidental" to an essential element in the scheme, namely, the criss-cross of mailings that would reasonably be expected when false claims are submitted to insurance companies, are processed, and are ultimately paid, thereby making the fraud successful.  From a temporal standpoint, the mailing here was more closely connected to the fraud than the mailings in *Schmuck* because the former was incident to the insurance payout that was the very object of the fraud.  Precedent amply supports the use of mailings to and from the insurer or agent to supply this element under the statute.

39 F.3d at 1237.  <u>See also</u> <u>United States v. Pimental</u>, 380 F.3d 575, 589 (1st Cir. 2004) (citing this passage in <u>Morrow</u>).

Similar to the reasoning in <u>Morrow</u> is the logic underlying the First Circuit's decision in <u>United States v. Serino</u>, 835 F.2d 924 (1st Cir. 1987), which ruled that mailings were "in furtherance" of insurance claim fraud, notwithstanding defendant's claim that they "hindered it, because they contained the Insurance Company's attorney's reservations about the validity of the claim."  835 F.2d at 929.  Noting that "this court and others have given a liberal construction"

4

the "in furtherance" language of the mail fraud statute, the Court of Appeals in <u>Serino</u> cautioned

that "the focus ought to be concerned less with the precise contents of the particular mailings

than with the role those mailings played in the execution of the scheme to defraud."  835 F.2d at

928.

If the <u>Morrow</u> and <u>Serino</u> decisions leave any doubt that the mailings alleged in this case

were "in furtherance" of the charged fraud scheme, the First Circuit's recent decision in <u>Pimental</u>

lays the matter to rest.  In <u>Pimental</u> the Court of Appeals addressed a challenge to the sufficiency

of evidence that mailings were "in furtherance" of a fraud that, like the matter at bar, arose from

a scheme to fraudulently understate a company's payroll in order to evade workers compensation

premiums.

The district court, in <u>Pimental</u> had entered a judgment of acquittal notwithstanding the

verdict, finding that there was insufficient evidence to show that the mailings at issue in that case

were made "in furtherance" of the charged fraud scheme.  <u>United States v. Pimental</u>, 236 F.

Supp. 2d 99, 101 (D. Mass. 2002).  In particular, the district court had noted, the mailings in

<u>Pimental</u> were reports by loss-control inspectors, whose "had nothing to do with the

determination of premiums: it was to identify potentially hazardous conditions on Pimental's

work sites and make recommendations to minimize the risk of accidents."  <u>Id.</u> at 108.  The

reports in question merely confirmed the gist of the defendant's representations regarding the

nature of his business, representations that were "consistent with the scheme to defraud" but that

were not conveyed to anyone involved in calculating Pimental's insurance premium.  <u>Id.</u> at 109.

Noting that the loss-control inspectors' "business is not remotely concerned with the process of

determining premiums," (<u>id.</u> at 109), and that the letters in question "merely accepted Pimental's

representations" (<u>id.</u> at 110, n.6), the district court concluded that "no rational jury could gather

5

from the government's evidence that the mailing of [the loss-control] report was at all connected to an essential part of the scheme" (id. at 110).

The First Circuit in Pimental reversed the district court's ruling, "finding that the mailings by insurance company representatives that formed the basis of the two counts of conviction were indeed in furtherance of Pimental's fraudulent scheme." 380 F.3d at 579. In so doing, the court rejected both the legal standard applied by the district court and its crabbed construction of the permissible inferences that would support a finding of sufficiency. The Court of Appeals made clear that the district court had erred by importing a "'but for' test for the 'in furtherance of' element of mail fraud" (id. at 587), much as defendants' suggest this Court do now. The correct standard, the Court of Appeals emphasized, is "that it was not necessary that each mailing guarantee the success of the scheme or even significantly advance it--that it only need be closely related to the scheme." Id. at 587 (citing United States v. Pacheco-Ortiz, 889 F.2d 301, 305 (1st Cir.1989)). Moreover, the Court of Appeals ruled, "even under the district court's overly stringent and incorrect but-for test, the jury would have been entitled to conclude that Pimental's scheme depended on [the loss-control inspector's] mailing." 380 F.3d at 588. Among other things, the Pimental court noted, even a mailing that merely reflects the defendant's fraudulent representation, serves to inform the defendant "that his deception of the inspector was successful--his copy showed that his lies were being sent to the company records" and provides an opportunity for the defendant to correct his falsehoods. Id. at 589.

In light of the holdings in Morrow, Serino, and Pimental, defendants' suggestion that the mailings charged in this case are somehow insufficient because they are not "invoices" or "requests for confirmation" is far-fetched, at best. Unlike the mailings in Pimental – which had no connection to the calculation of premiums or the issuance of the fraudulently obtained

policies – the mailings at issue in this case were central to the charged fraud scheme.  The whole point of the fraud was to obtain, for a fraudulently-reduced premium, the insurance policies evidenced by the three mailings charged in Counts Two through Four.

The mailings in this case were directly connected to the essence of the fraud; indeed, they were both the object and a but-for component of the fraud scheme, easily satisfying criteria far more stringent than the actual legal standards applicable in this case.  See Pimental, 380 F.3d at 587 (describing "the oft-rejected notion that the mailing needs to be connected with the essence of the fraud" and noting "[i]t need not be, so long as it is 'incident to an essential element of the fraud.'").  Accordingly, defendant's motion to dismiss Counts Two through Four of the Indictment must be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

dated: July 22, 2005

By: /s/ Paul G. Levenson
PAUL G. LEVENSON
Assistant U.S. Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3147

7

## INFORMATION PAGE



**Gulf Insurance Group**

### GULF INSURANCE COMPANY

No. WC0599901

Comm: 17 .00 %

ST. LOUIS, MISSOURI
EXECUTIVE OFFICES-IRVING, TEXAS (NCCI # 13188)

PRIOR POLICY NO.
New

P.O. Box 131771, Dallas, TX 75313 Tele: (972) 650-2800

1. The Insured/Mailing address
   Dich Trieu dba Pro Temp Company
   750 Washington Street
   South Easton, MA 02375

   ☒ Individual ☐ Partnership ☐ Corporation or _____
   Other workplaces not shown above:
   None

| INSURED I.D. NUMBER(S) | |
|---|---|
| BUREAU, FILE, ETC. NO. | |
| INTRASTATE I.D. NO. | 396972Y |
| INTERSTATE I.D. NO. | |
| FED. EMP. I.D. NO. | 043253859 |

2. Policy Period: The policy period is from January 22, 2000 to January 22, 2001 12:01 A.M. Standard Time, at the insured's mailing address.

3. A. Workers Compensation Insurance: Part One of the policy applies to the Workers Compensation Law of the states listed here:
   MA

   B. Employers Liability Insurance: Part Two of the policy applies to work in each state listed in item 3.A. The limits of our liability under Part Two are:

   | Bodily Injury by Accident | $100,000 | each accident |
   |---|---|---|
   | Bodily Injury by Disease | $500,000 | policy limit |
   | Bodily Injury by Disease | $100,000 | each employee |

   C. Other States Insurance: Part Three of the policy applies to the states, if any, listed here: All states except ND, OH, WA, WV, WY, and states designated in Item 3.A. above.

   D. This policy includes these endorsements and schedules:

   | WC 00 04 03 (04-1984) | WC 20 03 02 (08-1986) | WC 20 06 01 (06-1992) | WC 20 03 01 (04-1984) |
   |---|---|---|---|
   | WC 20 03 03B (07-1999) | WC 20 04 01 (11-1990) | WC 00 04 06 (03-1985) | C-5820 (01-1992) |

4. Premium: The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis Total Estimated Annual Remuneration | Rate Per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| | | See attached extension Schedule | | $83,203.00 |
| | | Taxes, Surcharges, Assessments from Schedule | | $3,611.84 |

Minimum Premium $469.00        Deposit Premium $83,203.00        Total Estimated Annual Premium $86,814.84

Premium Adjustment Period: ☐ Semiannual; ☐ Quarterly; ☐ Monthly

ISSUING
OFFICE: Irving, TX    AGENCY: 55189 World Wide Facilities Inc

ISSUE DATE: 03-03-2000        Countersigned By _____

Authorized Representative        Date

THIS INFORMATION PAGE WITH THE WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETES THE ABOVE NUMBERED POLICY.

COPY



**Gulf Insurance Group**
A member of citigroup

| | |
|---|---|
| *Insured:* | *Dich Trieu dba Pro Temp Company* |
| *Date:* | *03-03-2000* |
| *Policy #:* | *WC0599901* |
| *Policy Period:* | *January 22, 2000* |
| | *January 22, 2001* |

*Dear Policy Holder:*

*One of the services provided to our customers is Accident Prevention Services. These services are available at no additional charge.*

*Gulf Insurance Group maintains a staff of Field Safety Representatives that can provide safety/loss control services to your particular needs. We maintain a reference library of regulatory safety standards and codes, safety education materials and safety training programs available for use on request. In addition, we provide Surveys, Consultation, Recommendations, Analysis of Accident Causes, Industrial Hygiene, Industrial Health Services and Guidelines for Risk Management Plans.*

*In the event a Field Safety Representative for Gulf Insurance Group has not visited your facilities as of this date, you may request our health and safety services by writing to:*

> *GULF INSURANCE GROUP*
> *Loss Control Services*
> *P.O. Box 131771*
> *Dallas, TX 75313*

*Gulf Insurance Group*
*Loss Control Services*

Policy Number: WC0599901

---

## ITEM 4.    EXTENSION OF INFORMATION WORKSHEET

---

4.  The premium for this policy will be determined by our manuals of rules, classifications, rates and rating plans. All information required below is subject to verification and change by audit.

| Loc | St | Classifications | Class Code | Premium Basis Total Estimated Annual Remuneration | Rate Per $100 of Remuneration | Estimated Annual Premium |
|-----|----|-----------------|-----------|--------------------------------------------------|-------------------------------|--------------------------|
| 1. | MA | STORE: WHOLESALE-N.O.C. | 8018 | 200,000 | 4.16 | $8,320.00 |
| 1. | MA | STORE: MEAT, FISH OR POULTRY DEALER-wholesale | 8021 | 650,000 | 6.71 | $43,615.00 |
| 1. | MA | STORE: CLOTHING, WEARING APPAREL OR DRY GOODS-wholesale | 8032 | 300,000 | 2.37 | $7,110.00 |
| 1. | MA | CLERICAL OFFICE EMPLOYEES N.O.C. | 8810 | 200,000 | .18 | $360.00 |

Policy Number: WC0599901

-----------------------------------------------------------------------------------------------

## S U M M A R Y

-----------------------------------------------------------------------------------------------

Class Premium                                                                    $59,405.00

PREMIUM SUMMARY BY STATE

Premium Summary for Massachusetts:

| | | | |
|---|---|---|---|
| Class Premium | | | $59,405.00 |
| Premium Subject to Experience Modification | | | $59,405.00 |
| Experience Modification | 9898 | 1.520 | $30,891.00 |
| STATE STANDARD PREMIUM | | | $90,296.00 |
| Premium Discount-Stock | 0063 | | -$7,307.00 |
| Expense Constant | 0900 | | $214.00 |
| | | | |
| Massachusetts TOTAL ESTIMATED ANNUAL PREMIUM | | | $83,203.00 |
| Massachusetts DIA Assessment | 0988 | (4.00 %) | $3,611.84 |
| | | | |
| TOTAL ESTIMATED ANNUAL PREMIUM | | | $86,814.84 |

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 00 04 03 (04-1984)
# EXPERIENCE RATING MODIFICATION FACTOR ENDORSEMENT

This endorsement changes the policy to which it is attached effective on the inception date of the policy unless a different date is indicated below.
(The following "attaching clause" need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on          01-22-2000          at 12:01 A.M. standard time, forms a part of
                                        (DATE)

Policy No. WC0599901          of the          Gulf Insurance Company
                                              (NAME OF INSURANCE COMPANY)

issued to     Dich Trieu dba Pro Temp Company

Premium $ Included

_____
                                              Authorized Representative


The premium for the policy will be adjusted by an experience rating modification factor. The factor was not available when the policy was issued. The factor, if any, shown on the Information Page is an estimate. We will issue an endorsement to show the proper factor, if different from the factor shown, when it is calculated.

Copyright 1982, 1983 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 20 03 02  (08-1986)
# MASSACHUSETTS -- ASSESSMENT CHARGE

This endorsement changes the policy to which it is attached effective on the inception date of the policy unless a different date is indicated below.

(The following "attaching clause" need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on        01-22-2000        at 12:01 A.M. standard time, forms a part of
                                       (DATE)

Policy No. WC0599901                   Endorsement No.  2

of the        Gulf Insurance Company
              (NAME OF INSURANCE COMPANY)

issued to     Dich Trieu dba Pro Temp Company

Premium $ Included
                                              _____
                                                       Authorized Representative

Massachusetts General Laws, Chapter 152, Section 65, as amended by Chapter 572 of the Acts of 1985, establishes a workers compensation special fund and a workers compensation trust fund.

On behalf of the Department of Industrial Accidents (DIA), the insurance company providing workers compensation coverage is required to bill and collect an assessment charge covering the special and trust funds from insured employers and remit the amounts collected to the State Treasury.

The assessment charge, which is determined by applying a rate (subject to annual change) to the standard premium developed under your policy, is shown as a separate item on the information page of the policy.  The rate may be different for private employers and for the Commonwealth and its political subdivisions.

The income derived from the assessment charge will be used to fund the operating expenses of the DIA and to fund certain employee benefits as described in Chapter 152.

Copyright 1986 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 20 06 01 (06-1992)
# MASSACHUSETTS CANCELATION ENDORSEMENT

This endorsement changes the policy to which it is attached effective on the inception date of the policy unless a different date is indicated below.

(The following "attaching clause" need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on      01-22-2000      at 12:01 A.M. standard time, forms a part of
                                           (DATE)

Policy No. WC0599901          of the       Gulf Insurance Company
                                               (NAME OF INSURANCE COMPANY)

issued to      Dich Trieu dba Pro Temp Company

Premium $ Included

                                                   Authorized Representative

This endorsement applies only to the insurance provided by the policy because Massachusetts is shown in Item 3.A. of the Information Page.

The **Cancelation** Condition of the policy is replaced by the following:

### Cancelation

1. You may cancel this policy by mailing or delivering to us advance written notice requesting cancelation. Such cancelation shall not be effective until ten days after written notice is given by us to The Workers' Compensation Rating and Inspection Bureau of Massachusetts (Bureau), or until notice has been received by the Bureau that you have secured insurance from another insurance company, whichever occurs first.

2. We may cancel this policy only if based on one or more of the following reasons: (i) nonpayment of premium; (ii) fraud or material misrepresentation affecting your policy; or (iii) a substantial increase in the hazard insured against. Such cancelation shall not be effective until ten days after written notice is given by us to you and The Workers' Compensation Rating and Inspection Bureau of Massachusetts (Bureau), or until notice has been received by the Bureau that you have secured insurance from another insurance company, whichever occurs first.

3. Any of these provisions that conflict with the law that controls the cancelation of this insurance policy is changed by this statement to comply with the law.

Copyright 1992 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 20 03 01  (04-1984)

# MASSACHUSETTS LIMITS OF LIABILITY ENDORSEMENT

This endorsement changes the policy to which it is attached effective on the inception date of the policy unless a different date is indicated below.

(The following "attaching clause" need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on    01-22-2000    at 12:01 A.M. standard time, forms a part of
(DATE)

Policy No. WC0599901    of the    Gulf Insurance Company
(NAME OF INSURANCE COMPANY)

issued to    Dich Trieu dba Pro Temp Company

_____
Authorized Representative

This endorsement applies only to the insurance provided by Part Two (Employers Liability Insurance) because Massachusetts is listed in Item 3.A of the Information Page.

Our liability to you under Section 25 of Chapter 152 of the General Laws of Massachusetts is not subject to the limit of liability that applies to Part Two (Employers Liability Insurance).

Copyright 1984 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 20 03 03B (07-1999)
# MASSACHUSETTS NOTICE TO POLICYHOLDER ENDORSEMENT

This endorsement changes the policy to which it is attached effective on the inception date of the policy unless a different date is indicated below.

(The following "attaching clause" need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on          01-22-2000          at 12:01 A.M. standard time, forms a part of
                                        (DATE)

Policy No. WC0599901                    Endorsement No. 5

of the          Gulf Insurance Company
                (NAME OF INSURANCE COMPANY)

issued to       Dich Trieu dba Pro Temp Company

Premium $ Included                      _____
                                                    Authorized Representative

This endorsement applies only to the insurance provided by the policy because Massachusetts is shown in Item 3.A. of the Information Page.

1.  Rates and Premium

    The policy contains rates and classifications that apply to your type of business. If you have any questions regarding the rates or classifications, please contact your agent or us.

    You may obtain pertinent rating information by submitting a written request to us at our address shown on this endorsement. We may require you to pay a reasonable charge for furnishing the information.

    You may also submit a written request for a review of the method by which your classification, rates or premiums were determined. If you are not satisfied with the results of the review, you may appeal to the Commissioner of Insurance at the address shown in this endorsement.

2.  Reserves or Settlements

    You may request a loss run which contains reserve and settlement information for claims that relate to the premium for this policy. Such a request must be in writing and should be sent to our address shown on this endorsement. We will provide you with that information within thirty (30) days of receipt of your request, and at reasonable intervals thereafter.

    If you have any questions or believe that we set unreasonable reserves or made unreasonable settlements that affected your premiums or losses, you may make a written request through your agent or directly to us for a meeting with our company representative. If you are not satisfied with the results of the meeting, you may make a written appeal to the Insurance Commissioner at the address shown on the endorsement.

Addresses

Commissioner of Insurance                                   Company Address
Division of Insurance
Department of Banking and Insurance
One South Station
Boston, MA 02110

1995 National Council on Compensation Insurance, Inc.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 00 04 06  (03-1985)
# PREMIUM DISCOUNT ENDORSEMENT

This endorsement changes the policy to which it is attached effective on the inception date of the policy unless a different date is indicated below.
(The following "attaching clause" need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on          01-22-2000          at 12:01 A.M. standard time, forms a part of
                                        (DATE)

Policy No. WC0599901          of the          Gulf Insurance Company
                                              (NAME OF INSURANCE COMPANY)

issued to     Dich Trieu dba Pro Temp Company

Premium $ Included                          _____
                                            Authorized Representative


The premium for this policy and the policies, if any, listed in item 3 of the Schedule may be eligible for a discount. This endorsement shows your estimated discount in item 1 or 2 of the Schedule. The final calculation of premium discount will be determined by our manuals and your premium basis as determined by audit. Premium subject to retrospective rating is not subject to premium discount.

### Schedule

1.  State                              **Estimated Eligible Premium**

| | First $5,000 | Next $95,000 | Next $400,000 | Balance |
|---|---|---|---|---|
| MA | | | | |

2.  Average percentage discount:   %

3.  Other policies:

4.  If there are no entries in items 1, 2 and 3, of the Schedule see the Premium Discount Endorsement attached to your policy number:

Copyright 1984, 1985 National Council on Compensation Insurance.

## MASSACHUSETTS WORKERS COMPENSATION DEDUCTIBLE
## ACCEPTANCE/REJECTION

Massachusetts law requires insurers to offer a deductible on all qualifying Massachusetts Workers Compensation policies. Five deductible options are available. You are not required to select the deductible option, but if you choose to exercise this option, you may choose only one deductible amount. Please carefully review the requirements for the deductible option outlined.

### DEDUCTIBLE OPTIONS

The deductible options are five hundred dollars ($500), one thousand dollars ($1,000), two thousand dollars ($2,000), two thousand five hundred dollars ($2,500), five thousand dollars ($5,000). If you choose one of these options, you will be liable for the amount of the deductible for the benefits paid on every compensable claim. Those losses paid by you continue to have an impact on your experience modification factor as gross losses are used in the calculations.

### EMPLOYER OBLIGATIONS IF DEDUCTIBLE OPTION IS SELECTED

If you choose a deductible option, the insurer pays all amounts in their entirety applicable to each compensable claim and then will seek reimbursement from you for the deductible amount. The insurer will bill you for the deductible amount. WARNING: You must reimburse the insurer as the nonpayment of the deductible amounts shall be treated in the same manner as nonpayment of premiums. We may keep the amount of unearned premium that will reimburse us for the payments we made.

### ACCEPTANCE/REJECTION

_____ Yes, i have read the deductible information outlined above and want the following deductible amount to apply to claims under Massachusetts Workers Compensation Law. I understand that this deductible applies to every compensable claim filed by an injured employee.

_____ $ 500     _____ $2,000     _____ $5,000

_____ $1,000     _____ $2,500

**NAMED INSURED**     Dich Trieu dba Pro Temp Company

**ADDRESS**     750 Washington Street, South Easton, MA 02375

**SIGNATURE & TITLE**

**DATE** _____  **POLICY #**  WC0599901     **EFF. DATE**   01-22-2000

THIS FORM IS NOT A PART OF YOUR POLICY AND DOES NOT PROVIDE COVERAGE.

C - 5820

# WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
## INFORMATION PAGE

## GULF INSURANCE COMPANY

**No. WC0694637**

ST. LOUIS, MISSOURI
EXECUTIVE OFFICES-IRVING, TEXAS (NCCI # 13188)
P.O. Box 131771, Dallas, TX 75313 Tele: (972) 650-2800

PRIOR POLICY NO.
WC0599901

1. The Insured/Mailing address
   Precission Temp Corp.
   448 Turnpike Street
   South Easton, Massachusetts 02375

   ☒ Individual    ☐ Partnership    ☐ Corporation or _____
   Other workplaces not shown above:
                              None

| INSURED I.D. NUMBER(S) | |
|---|---|
| BUREAU, FILE, ETC. NO. | |
| INTRASTATE I.D. NO. | 396972Y |
| INTERSTATE I.D. NO. | |
| FED. EMP. I.D. NO. | 43374303 |

2. Policy Period: The policy period is from January 22, 2001 to January 22, 2002, 12:01 A.M. Standard Time, at the insured's mailing address.

3. A. Workers Compensation Insurance: Part One of the policy applies to the Workers Compensation Law of the states listed here:
      MA

   B. Employers Liability Insurance: Part Two of the policy applies to work in each state listed in item 3.A. The limits of our liability under Part Two are:

   | | | |
   |---|---|---|
   | Bodily Injury by Accident | $100,000 | each accident |
   | Bodily Injury by Disease | $500,000 | policy limit |
   | Bodily Injury by Disease | $100,000 | each employee |

   C. Other States Insurance: Part Three of the policy applies to the states, if any, listed here: All states except ND, OH, WA, WV, WY, and states designated in Item 3.A. above.

   D. This policy includes these endorsements and schedules:

   | | | | |
   |---|---|---|---|
   | WC 00 04 03 (04-1984) | WC 20 03 02 (08-1986) | WC 20 06 01 (06-1992) | WC 20 03 01 (04-1984) |
   | WC 20 03 03B (07-1999) | WC 20 04 01 (11-1990) | WC 00 04 06 (03-1985) | C-1089 (08-1978) |
   | C-1089 (08-1978) | C-1089 (08-1978) | C-1089 (08-1978) | C-5820 (01-1992) |

4. Premium: The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classifications | Code No. | Premium Basis Total Estimated Annual Remuneration | Rate Per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| See attached extension Schedule | | | | $112,488.00 |
| Taxes, Surcharges, Assessments from Schedule | | | | $4,744.32 |

Minimum Premium $469.00    Deposit Premium $112,488.00    Total Estimated Annual Premium $117,232.32
Premium Adjustment Period: ☐ Semiannual;  ☐ Quarterly;  ☐ Monthly
ISSUING
OFFICE: Irving, TX    AGENCY: 55189  World Wide Facilities Inc

ISSUE DATE: 01-24-2001    Countersigned By _____
                                            Authorized Representative         Date

THIS INFORMATION PAGE WITH THE WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETES THE ABOVE NUMBERED POLICY

FORM 55640 (11-93)          Copyright 1987 National Council on Compensation Insurance.          WC000001A

ORIGINAL

Policy Number: WC0694637

------------------------------------------------------------------------------------------------

ITEM 4.    E X T E N S I O N   O F   I N F O R M A T I O N   W O R K S H E E T
------------------------------------------------------------------------------------------------

4.   The premium for this policy will be determined by our manuals of rules, classifications, rates and rating plans.  All
     information required below is subject to verification and change by audit.

|     |     |                 |       | Premium Basis | | |
| Loc | St  | Classifications | Class Code | Total Estimated Annual Remuneration | Rate Per $100 of Remuneration | Estimated Annual Premium |
| --- | --- | --------------- | ----- | --- | --- | --- |
| 1.  | MA  | STORE:  WHOLESALE-N.O.C. | 8018 | 200,000 | 4.16 | $8,320.00 |
| 1.  | MA  | STORE:  MEAT, FISH OR POULTRY DEALER-wholesale | 8021 | 650,000 | 6.71 | $43,615.00 |
| 1.  | MA  | STORE: CLOTHING, WEARING APPAREL OR DRY GOODS-wholesale | 8032 | 300,000 | 2.37 | $7,110.00 |
| 1.  | MA  | CLERICAL OFFICE EMPLOYEES N.O.C. | 8810 | 200,000 | .18 | $360.00 |

Policy Number: WC0694637

------------------------------------------------------------------------------------------------------

S U M M A R Y

------------------------------------------------------------------------------------------------------

| | | | |
|---|---|---|---|
| Class Premium | | | $59,405.00 |

PREMIUM SUMMARY BY STATE

Premium Summary for Massachusetts:

| | | | |
|---|---|---|---|
| Class Premium | | | $59,405.00 |
| Premium Subject to Experience Modification | | | $59,405.00 |
| Experience Modification | 9898 | 1.340 | $20,198.00 |
| STATE STANDARD PREMIUM | | | $79,603.00 |
| Premium Discount-Stock | 0063 | | -$6,334.00 |
| All Risk Adjustment Program (ARAP) | 0277 | 1.490 | $39,005.00 |
| Expense Constant | 0900 | | $214.00 |
| Massachusetts TOTAL ESTIMATED ANNUAL PREMIUM | | | $112,488.00 |
| Massachusetts DIA Assessment | 0988 | (4.00 %) | $4,744.32 |
| TOTAL ESTIMATED ANNUAL PREMIUM | | | $117,232.32 |

WORKERS COMPENSATIO. .AND EMPLOYERS LIABILITY INSURA..JE POLICY

WC 00 04 03 (04-1984)

# EXPERIENCE RATING MODIFICATION FACTOR ENDORSEMENT

This endorsement changes the policy to which it is attached effective on the inception date of the policy unless a different date is indicated below.
(The following "attaching clause" need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on      01-22-2001      at 12:01 A.M. standard time, forms a part of
(DATE)

Policy No. WC0694637      of the      Gulf Insurance Company
(NAME OF INSURANCE COMPANY)

issued to    Precission Temp Corp.

Premium $ Included

_____
Authorized Representative

The premium for the policy will be adjusted by an experience rating modification factor. The factor was not available when the policy was issued. The factor, if any, shown on the Information Page is an estimate. We will issue an endorsement to show the proper factor, if different from the factor shown, when it is calculated.

WORKERS COMPENSATIO.   \ND EMPLOYERS LIABILITY INSURA.   .E POLICY

WC 20 03 02  (08-1986)
# MASSACHUSETTS -- ASSESSMENT CHARGE

This endorsement changes the policy to which it is attached effective on the inception date of the policy unless a different date is indicated below.

(The following "attaching clause" need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on          01-22-2001          at 12:01 A.M. standard time, forms a part of
                                        (DATE)

Policy No. WC0694637          :          Endorsement No.  2

of the          Gulf Insurance Company
                (NAME OF INSURANCE COMPANY)

issued to          Precission Temp Corp.

Premium $ Included
                                                    _____
                                                        Authorized Representative

Massachusetts General Laws, Chapter 152, Section 65, as amended by Chapter 572 of the Acts of 1985, establishes a workers compensation special fund and a workers compensation trust fund.

On behalf of the Department of Industrial Accidents (DIA), the insurance company providing workers compensation coverage is required to bill and collect an assessment charge covering the special and trust funds from insured employers and remit the amounts collected to the State Treasury.

The assessment charge, which is determined by applying a rate (subject to annual change) to the standard premium developed under your policy, is shown as a separate item on the information page of the policy. The rate may be different for private employers and for the Commonwealth and its political subdivisions.

The income derived from the assessment charge will be used to fund the operating expenses of the DIA and to fund certain employee benefits as described in Chapter 152.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 20 06 01 (06-1992)

# MASSACHUSETTS CANCELATION ENDORSEMENT

This endorsement changes the policy to which it is attached effective on the inception date of the policy unless a different date is indicated below.

(The following "attaching clause" need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on     01-22-2001     at 12:01 A.M. standard time, forms a part of
(DATE)

Policy No. WC0694637     of the     Gulf Insurance Company
(NAME OF INSURANCE COMPANY)

issued to     Precission Temp Corp.

Premium $ Included

_____
Authorized Representative

This endorsement applies only to the insurance provided by the policy because Massachusetts is shown in Item 3.A. of the Information Page.

The Cancelation Condition of the policy is replaced by the following:

Cancelation

1. You may cancel this policy by mailing or delivering to us advance written notice requesting cancelation. Such cancelation shall not be effective until ten days after written notice is given by us to The Workers' Compensation Rating and Inspection Bureau of Massachusetts (Bureau), or until notice has been received by the Bureau that you have secured insurance from another insurance company, whichever occurs first.

2. We may cancel this policy only if based on one or more of the following reasons: (i) nonpayment of premium; (ii) fraud or material misrepresentation affecting your policy; or (iii) a substantial increase in the hazard insured against. Such cancelation shall not be effective until ten days after written notice is given by us to you and The Workers' Compensation Rating and Inspection Bureau of Massachusetts (Bureau), or until notice has been received by the Bureau that you have secured insurance from another insurance company, whichever occurs first.

3. Any of these provisions that conflict with the law that controls the cancelation of this insurance policy is changed by this statement to comply with the law.

Copyright 1992 National Council on Compensation Insurance

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 20 03 01  (04-1984)

# MASSACHUSETTS LIMITS OF LIABILITY ENDORSEMENT

This endorsement changes the policy to which it is attached effective on the inception date of the policy unless a different date is indicated below.

(The following "attaching clause" need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on      01-22-2001      at 12:01 A.M. standard time, forms a part of
                                     (DATE)

Policy No. WC0694637      of the      Gulf Insurance Company
                                            (NAME OF INSURANCE COMPANY)

issued to     Precission Temp Corp.

_____

Authorized Representative

This endorsement applies only to the insurance provided by Part Two (Employers Liability Insurance) because Massachusetts is listed in Item 3.A of the Information Page.

Our liability to you under Section 25 of Chapter 152 of the General Laws of Massachusetts is not subject to the limit of liability that applies to Part Two (Employers Liability Insurance).

Copyright 1984 National Council on Compensation Insurance

WC 20 03 03B (07-1999)

# MASSACHUSETTS NOTICE TO POLICYHOLDER ENDORSEMENT

This endorsement changes the policy to which it is attached effective on the inception date of the policy unless a different date is indicated below.

(The following "attaching clause" need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on      01-22-2001      at 12:01 A.M. standard time, forms a part of
(DATE)

Policy No. WC0694637      Endorsement No. 5

of the      Gulf Insurance Company
(NAME OF INSURANCE COMPANY)

issued to      Precission Temp Corp.

Premium $ Included

_____
Authorized Representative

This endorsement applies only to the insurance provided by the policy because Massachusetts is shown in Item 3.A. of the Information Page.

1. Rates and Premium

The policy contains rates and classifications that apply to your type of business. If you have any questions regarding the rates or classifications, please contact your agent or us.

You may obtain pertinent rating information by submitting a written request to us at our address shown on this endorsement. We may require you to pay a reasonable charge for furnishing the information.

You may also submit a written request for a review of the method by which your classification, rates or premiums were determined. If you are not satisfied with the results of the review, you may appeal to the Commissioner of Insurance at the address shown in this endorsement.

2. Reserves or Settlements

You may request a loss run which contains reserve and settlement information for claims that relate to the premium for this policy. Such a request must be in writing and should be sent to our address shown on this endorsement. We will provide you with that information within thirty (30) days of receipt of your request, and at reasonable intervals thereafter.

If you have any questions or believe that we set unreasonable reserves or made unreasonable settlements that affected your premiums or losses, you may make a written request through your agent or directly to us for a meeting with our company representative. If you are not satisfied with the results of the meeting, you may make a written appeal to the Insurance Commissioner at the address shown on the endorsement.

Addresses

Commissioner of Insurance
Division of Insurance
Department of Banking and Insurance
One South Station
Boston, MA 02110

Company Address

1995 National Council on Compensation Insurance, Inc.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 20 04 01  (11-1990)
# MASSACHUSETTS PENDING PREMIUM CHANGE ENDORSEMENT

This endorsement changes the policy to which it is attached effective on the inception date of the policy unless a different date is indicated below.
(The following "attaching clause" need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on          01-22-2001                    at 12:01 A.M. standard time, forms a part of
                                        (DATE)

Policy No. WC0694637          of the          Gulf Insurance Company
                                              (NAME OF INSURANCE COMPANY)

issued to      Precission Temp Corp.

_____
Authorized Representative


A filing is being considered by the Massachusetts Division of Insurance which may result in premiums different from those shown on the policy. If it does, we will issue an endorsement to show the new premiums and their effective date.

Copyright 1991 National Council on Compensation Insurance

WORKERS COMPENSAT. N AND EMPLOYERS LIABILITY INSU... .NCE POLICY

WC 00 04 06 (03-1985)
# PREMIUM DISCOUNT ENDORSEMENT

This endorsement changes the policy to which it is attached effective on the inception date of the policy unless a different date is indicated below.
(The following "attaching clause" need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on          01-22-2001          at 12:01 A.M. standard time, forms a part of
                                        (DATE)

Policy No. WC0694637          of the          Gulf Insurance Company
                                              (NAME OF INSURANCE COMPANY)

issued to     Precission Temp Corp.

Premium $ Included          _____
                                        Authorized Representative

The premium for this policy and the policies, if any, listed in item 3 of the Schedule may be eligible for a discount. This endorsement shows your estimated discount in item 1 or 2 of the Schedule. The final calculation of premium discount will be determined by our manuals and your premium basis as determined by audit. Premium subject to retrospective rating is not subject to premium discount.

Schedule

| 1. | State | | Estimated Eligible Premium | | |
|---|---|---|---|---|---|
| | | First $5,000 | Next $95,000 | Next $400,000 | Balance |
| | MA | | | | |

2.     Average percentage discount:   %

3.     Other policies:

4.     If there are no entries in items 1, 2 and 3, of the Schedule see the Premium Discount Endorsement attached to your policy number:

Copyright 1984, 1983 National Council on Compensation Insurance

## MASSACHUSETTS WORKERS COMPENSATION DEDUCTIBLE
## ACCEPTANCE/REJECTION

Massachusetts law requires insurers to offer a deductible on all qualifying Massachusetts Workers Compensation policies. Five deductible options are available. You are not required to select the deductible option, but if you choose to exercise this option, you may choose only one deductible amount. Please carefully review the requirements for the deductible option outlined.

### DEDUCTIBLE OPTIONS

The deductible options are five hundred dollars ($500), one thousand dollars ($1,000), two thousand dollars ($2,000), two thousand five hundred dollars ($2,500), five thousand dollars ($5,000). If you choose one of these options, you will be liable for the amount of the deductible for the benefits paid on every compensable claim. Those losses paid by you continue to have an impact on your experience modification factor as gross losses are used in the calculations.

### EMPLOYER OBLIGATIONS IF DEDUCTIBLE OPTION IS SELECTED

If you choose a deductible option, the insurer pays all amounts in their entirety applicable to each compensable claim and then will seek reimbursement from you for the deductible amount. The insurer will bill you for the deductible amount. WARNING: You must reimburse the insurer as the nonpayment of the deductible amounts shall be treated in the same manner as nonpayment of premiums. We may keep the amount of unearned premium that will reimburse us for the payments we made.

### ACCEPTANCE/REJECTION

____ Yes, I have read the deductible information outlined above and want the following deductible amount to apply to claims under Massachusetts Workers Compensation Law. I understand that this deductible applies to every compensable claim filed by an injured employee.

____ $ 500      ____ $2,000      ____ $5,000

____ $1,000     ____ $2,500


NAMED INSURED _____ Precission Temp Corp. _____

ADDRESS _____ 448 Turnpike Street, South Easton, Massachusetts 02375 _____

SIGNATURE & TITLE _____

DATE _____ POLICY # _____ WC0694637 _____ EFF. DATE _____ 01-22-2001 _____

THIS FORM IS NOT A PART OF YOUR POLICY AND DOES NOT PROVIDE COVERAGE.

C 5820

 Gulf Insurance Group

A member of citigroup

Dear Policy Holder:

Accident Prevention is a service available to our workers' compensation policyholders at no additional charge. Gulf Insurance Group maintains a staff of field safety representatives available to assist you with your accident prevention needs. Services or information available include:

- Safety Bulletins
- Safety Posters
- Safety Videos
- Employee Safety Training Programs
- Training Assistance
- Surveys
- Consultation
- Recommendations
- Loss Analysis
- Loss Summaries
- Industrial Hygiene
- Industrial Health Services
- Employee Wellness Bulletins
- Guidelines for Risk Management

If you have any questions, please call us at (972) 650-2800.

Accident Prevention Information and/or Accident Prevention Services can be obtained at your request, by writing to the address below:

GULF INSURANCE GROUP
Loss Control Services
P.O. Box 131771
Dallas, TX  75313-1771



# INSTRUCTIONS FOR REPORTING INJURIES

Insured Advisory Form - Workers' Compensation (All States)

The purpose of Workers' Compensation is to assist you in supporting your employees from possible financial hardships which may result from work related accidents. You should always urge your employees to seek proper medical assistance. Then you should immediately notify us of the injury so we may quickly initiate the process of assisting your employee to recover and return to work. You may be required by law to make this first report directly to your state WC Board or Commission. Please follow the instructions on the "First Report of Injury Form" in this regard, and send us a copy.

The "First Report of Injury" form should be completed to the best of your ability, and immediately upon notice of an alleged work related injury. However, all serious or fatal injuries should be reported to us by phone.

When we receive your "First Report of Injury" form, we will send the necessary follow-up forms to the attending physician for completion to apprise us of the employee's injury. Be sure to identify all Health Care providers and send to us any reports and bills you may receive. Also, be sure to show your policy number and the date of injury on all communications with us. This "First Report of Injury" form will also enable us to investigate the case, and make the initial payment of compensation as required by law.

The state entity governing Workers' Compensation may levy fines if they are not promptly informed that an employee has been injured. Fines may be assessed against the employer and/or the insurer. Therefore, please send your First Report of the injury without delay.

Thank you for helping us provide prompt and responsive service in handling your employees' Workers Compensation claims.

(This notice is not intended to enumerate all of your responsibilities under your state's Workers' Compensation Law. For more specifics, please contact your agent or the Company.)

C 5563 (5 93)

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## AMENDMENT OF INFORMATION PAGE

CORRECTING BROKER NAME - REVISED  AIM-100 ATTACHED

ALSO APPLYING REVISED MASS ASSESSMENT OF 4.0%

*CO-01*
*TEST AUDIT ENDSM.*
*+*
*WKSHTS*

*( aDJUSTMENT OF PayROIIS DUE TO TEST audiT )*

This endorsement is attached to the policy indicated below and is effective on the date stated herein, at 12:01 A.M., standard time
at the address of the insured as described in the information page.

| Policy No. | Safety Group | Expiration Date of Policy | Effective Date of Endorsement | Endorsement No. |
|---|---|---|---|---|
| WM0 8002201012000 |  | 07/26/2001 | 07/26/2000 |  |
| Issued to |  |  | Additional Premium | Return Premium |
| Daily A King Labor, Inc |  |  |  | 124,653.00 |

ISSUED BY:  ASSOCIATED INDUSTRIES OF MASSACHUSETTS MUTUAL INSURANCE COMPANY
BOUND BY:  shuot 02/13/2001

PLACING OFFICE  804

Countersigned _____
Authorized Representative

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE QUOTE | | POLICY NO. __WM0 8002201012000__ | | | |
|---|---|---|---|---|---|
| | | PAGE NO. __1__ | | | |
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun- eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| MA-20 Intrastate I.D.    395174 | | | | | |
| | | | | | |
| Daily A. King Labor, Inc. 24D Norfolk Avenue Easton, MA  02334 | | | | | |
| FARM: BERRY OR VINEYARD & DRIVERS | 0079 | If any | 3.62 | 0 | |
| BAKERY & DRIVERS, ROUTE SUPERVISORS | 2003 | 66,900 | 3.70 | 2,475 | |
| CLEANING OR DYEING & ROUTE SUPERVIS | 2586 | 11,100 | 1.98 | 220 | |
| CARPENTRY - SHOP ONLY - & DRIVERS | 2802 | 13,300 | 5.13 | 682 | |
| AUTO LIGHTING IGNIT OR START APPARA | 3648 | 47,900 | 4.04 | 1,935 | |
| PLASTICS-MOLDED PRODUCTS MFG-NOC | 4484 | 70,600 | 3.06 | 2,160 | |
| DRUG, MEDICINE OR PHARMACEUTICAL PR | 4611 | If any | 1.49 | 0 | |
| ELECTRICAL WIRING - WITHIN BUILDING | 5190 | 13,300 | 3.69 | 491 | |
| CLEANER - DEBRIS REMOVAL | 5610 | 44,800 | 12.15 | 5,443 | |
| BAKING POWDER MFG | 6504 | 47,900 | 4.00 | 1,916 | |
| DRIVERS, CHAUFFEURS AND THEIR HELPE | 7380 | 35,400 | 5.54 | 1,961 | |
| TELEPHONE OR TELEGRAPH CO: ALL OTHE | 7600 | 300 | 1.35 | 4 | |
| STORE: WHOLESALE - NOC | 8018 | If any | 4.87 | | |
| STORE: MEAT, FISH,OR POULTRY DEALER | 8021 | 2,061,000 | 6.71 | 138,293 | |
| STORE: CLOTHING, WEARING APPAREL OR | 8032 | 23,700 | 2.37 | 562 | |
| STORE: FRUIT OR VEGETABLE - WHOLESA | 8048 | 322,700 | 5.25 | 17,039 | |
| BLDG MATERIAL YARD & LOCAL MGRS, DR | 8204 | 32,100 | 14.81 | 4,754 | |
| STORAGE WAREHOUSE - FURNITURE - & D | 8293 | 1,700 | 10.78 | 183 | |
| SALESPERSONS, COLLECTORS OR | 8742 | 73,300 | 0.33 | 242 | |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 | 664,000 | 0.18 | 1,195 | |
| | | | | | |
| TOTALS Total Average Number of Employees:        0 | | $3,530,000 | | $179,560 | |

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE QUOTE | | | | | |
|---|---|---|---|---|---|
| POLICY NO. __WM0 8002201012000__ | | | | | |
| PAGE NO. __2__ | | | | | |
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun- eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| MA-20 Intrastate I.D.     395174 | | | | | |
| 07/26/2000 TO 07/26/2001 | | | | | |
| Total Scheduled Premium For Period | | | | | |
| Rate Deviation | 9037 | | 0.1000 | -1,958 | |
| Employers Liability   100/100/500-Standard | | | | | |
| Total Manual Premium with Deviation | | | | 161,604 | |
| Subject to Experience Modifier/Merit Rating | | | | 161,604 | |
| Experience Modification Factor | 9898 | | 1.3400 | 54,945 | |
|       INTRA     Published | | | | | |
| Premium Adjusted By Experience Modifier/Merit Rating | 9999 | | | 216,549 | |
| Subject to ARAP Surcharge | | | | 216,549 | |
| ARAP Surcharge <     395174 > | 0277 | | 1.2600 | 56,303 | |
| Premium Adjusted By ARAP | | | | 272,852 | |

AP 4921.01 (9-89)

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE QUOTE | | POLICY NO. __WM0 8002201012000__ | | | |
|---|---|---|---|---|---|
| | | PAGE NO. __3__ | | | |
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun-eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| MA-20 Intrastate I.D.    395174 | | | | | |
| Total Estimated Standard Premium | 9999 | | | 216,549 | |
| Subject to Premium Discount | | | | 219,642 | |
| Premium discount | 0063 | | | -3,160 | |
| Expense Constant | 0900 | | | | 214 |
| Subject to Mass Assessment | | | | 240,610 | |
| Policy Total | | | | 253,906 | |
| Mass Assessment | | | 4.0000 | 9,624 | |
| Return Premium | | | | -124,653 | |
| Return Mass Assessment | | | | -4,830 | |

Revised Installment Schedule

Re:   Daily A King Labor, Inc
      WMO 8002201012000
      07/26/2000 TO 07/26/2001

|                    |              |
|--------------------|--------------|
| Total Premium:     | $270,053.00  |
| MA Assessment:     | $10,250.00   |
| Paid           :   | $270,053.00  |
| Misc Paid      :   | $10,250.00   |
| Unpaid         :   | $0.00        |
| Unpaid Misc    :   | $0.00        |

==================

|                    |              |
|--------------------|--------------|
| Total Premium:     | $270,053.00  |
| MA Assessment:     | $10,250.00   |
| Total:             | $280,303.00  |

| Payment Date |                     | Amount Due   |
|--------------|---------------------|--------------|
| 08/18/2000   | Premium Deposit     | $98,705.00   |
| 02/13/2001   | Premium Installment | $62,911.23-  |
| 08/26/2000   | Premium Installment | $32,889.50   |
| 09/26/2000   | Premium Installment | $32,889.50   |
| 10/26/2000   | Premium Installment | $32,889.50   |
| 11/26/2000   | Premium Installment | $32,889.50   |
| 12/26/2000   | Premium Installment | $32,889.50   |
| 01/26/2001   | Premium Installment | $32,889.50   |
| 02/26/2001   | Premium Installment | $32,889.50   |
| 03/26/2001   | Premium Installment |              |
| 04/26/2001   | Premium Installment |              |
| 11/06/2001   | Premium Installment | $16,773.00   |