UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                ) | Crim. No. 05-10019-RGS |
| ) | |
| DANIEL W. McELROY,        ) | |
| AIMEE J. KING McELROY, and ) | |
| XIEU VAN SON,             ) | |
| ) | |
| defendants.   ) | |

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO
SEVER COUNTS OF THE INDICTMENT

The United States, by its undersigned counsel, opposes the Motion of Defendants, Daniel W. McElroy and Aimee J. King McElroy, to Sever Misjoined Offenses, June 30, 2005 (hereinafter "Mot. to Sever"). The charges and defendants in the Indictment are properly joined pursuant to Fed. R. Crim. P. 8 and defendants make no colorable showing of the kind of prejudice that could warrant severance.

Defendants suggest that the tax charges be severed from the mail fraud charges in the Indictment. See Mot. to Sever. Yet the Indictment plainly outlines a single conspiracy, in which all the defendants joined, to evade both employment taxes and workers compensation insurance premiums by fraudulently concealing the true payroll of defendants' temporary employment business. While the victims of the two sets of offenses differ, the participants, the business operations involved, the time period of the offenses and the essential scheme are identical. All of the charges arise from the defendants' scheme to conceal the true payroll of their temporary employment business by paying approximately $30,000,000 "under-the-table" and by falsely

reporting their payroll to the relevant taxing authorities and workers compensation insurers. Moreover, all of the substantive offenses charged in the Indictment arise directly out of the conspiracy; indeed they incorporate by reference charges set forth in the "manner and means"and "overt acts" sections of the conspiracy charge. Thus, all of the charges in the Indictment arise from "the same series of acts or transactions" (Fed. R. Crim. P. 8(b)).

The standard for joinder is set forth in Rule 8(a), Fed.R.Crim.P., which provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Federal Rules of Criminal Procedure, Rule 8(b). As the First Circuit has noted:

> "Similar" does not mean "identical," United States v. Werner, 620 F.2d 922, 928 (2d Cir.1980), and similarity must be analyzed in terms of how the government saw its case at the time of indictment. United States v. Natanel, 938 F.2d 302, 306 (1st Cir.1991) . . ..

United States v. Edgar, 82 F.3d 499, 503 (1st Cir. 1996).

The presence of a well-pleaded conspiracy count naming all co-defendants is, on its face, sufficient to support joinder under Fed. R. Crim. P. 8. See United States v. DeLuca, 137 F.3d 24, 36 (1st Cir. 1998) ("Normally, the government may join multiple defendants in a single indictment provided that at least one count alleges a conspiracy . . .."). Indeed, it is well settled that "[t]he government is entitled to charge and join parties on the basis of what it reasonably anticipates proving against all." United States v. Martinez, 479 F.2d 824, 828 (1st Cir. 1973), quoted in United States v. Boylan, 898 F.2d 230, 245 (1st Cir. 1990).

Nor is there any basis for a severance to avoid prejudice under Fed. R. Crim. P. 14. The same evidence – showing that the defendants arranged to pay approximately $30,000,000 in cash

"under the table" in order to evade financial obligations associated with their payroll – will be admissible to prove both sets of offenses. Trial of both sets of charges will include a reconstruction of the under-the-table cash payments, as well as the various false tax returns used by the defendants (including the ones filed with the IRS as well as inconsistent copies of those returns, which were provided to insurance auditors). See United States v. Fenton, 367 F.3d 14, 22 (1st Cir. 2004) ("[N]o risk of unfairly prejudicial spillover existed because evidence as to each group of offenses would have been admissible in a trial of the other.") (citing United States v. Edgar, 82 F.3d 499, 504-05 (1st Cir. 1996) and United States v. Taylor, 54 F.3d 967, 974 n. 5 (1st Cir. 1995).

While defendants intone the word "prejudice," they fail to articulate what that prejudice might be. It can hardly be imagined that a jury will be unduly shocked – in weighing charges of fraudulent concealment of payroll from tax authorities – to learn that the true payroll was similarly concealed from insurers. Conversely, that the defendant's concealed their under-the-table payments from tax authorities is hardly the kind of "spillover" that would unfairly influence a jury's consideration of the mail fraud charges. This simply is not a case in which explosive charges have somehow been unfairly juxtaposed with mundane ones. Compare Fenton, 367 F.3d at 22 (no impropriety in joinder of narcotics offense and pipe-bomb offense where common "motive connected the two sets of offenses in an unusually intimate way").

In short, the defendants' motion to sever offenses merely invites the Court to needlessly complicate and prolong the proceedings. The charges are properly joined under Fed. R. Crim. P. 8 and there is no prejudice that would warrant severance under Fed. R. Crim. P. 14. The motion to sever should be denied.

                                                Respectfully submitted,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney

dated: July 22, 2005

                                      By: /s/ Paul G. Levenson
                                           PAUL G. LEVENSON
                                           Assistant U.S. Attorney
                                           John Joseph Moakley United States Courthouse
                                           1 Courthouse Way, Suite 9200
                                           Boston, MA 02210
                                           (617) 748-3147