UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 04-10019-RGS |
| DANIEL W. McELROY, AIMEE J. KING McELROY, and XIEU VAN SON, | ) ) ) ) | |
| defendants. | ) ) | |

UNITED STATES' RESPONSE TO DEFENDANTS' MOTION FOR ORDER
AUTHORIZING THE ISSUANCE OF SUBPOENAS DUCES TECUM
PURSUANT TO FED. R. CIV. P. 17(C) TO DICH TRIEU AND CHARLES WALLACE
FOR PRETRIAL PRODUCTION OF COPIES OF DELINQUENT
PERSONAL FEDERAL TAX RETURNS

The United States, by its undersigned counsel, responds to Defendants' Motion for Order Authorizing the Issuance of Subpoenas Duces Tecum Pursuant to Fed. R. Civ. P. 17(c) to Dich Trieu and Charles Wallace for Pretrial Production of Copies of Delinquent Personal Federal Tax Returns ("17(c) Motion") and its supporting memorandum ("Def. Mem.").

As defendants note, the United States is not in a position to oppose defendants' motion in that it appears reasonably calculated to obtain evidence that, at least potentially, might be useful in cross-examining likely prosecution witnesses. There are, however, several considerations that should shape the terms under which the Court may allow defendants' 17(c) Motion.

Defendants' motion is aimed at obtaining tax returns that may have been filed by two likely trial witnesses, Charles Wallace and Dich Trieu. Those tax returns may conceivably be pertinent to the subject matter of the witnesses' testimony. For instance, the witnesses' tax returns may reflect their receipt of money from the defendants' businesses during the period

1

when the witnesses were employed by those businesses.  In that case the returns would contain statements that are at least arguably relevant to the subject of the witnesses' likely testimony and that would be akin to Jencks materials.  Contrariwise, if the tax returns do not reflect such receipts, they could be used to impeach the witnesses.  While the tax returns themselves would not ordinarily be admissible as extrinsic evidence of specific instances of conduct showing character for untruthfulness (see Fed. R. Crim. P. 608(b)), they could possibly form the basis for proper impeaching questions.[1]

While defendants' showing is thin with regard to the requisite standards of relevance, admissibility and specificity, it does appear to be sufficient.  However, it must be noted that – whatever they may show – the tax returns are the kind of information that would ordinarily be disclosed after a trial date has been fixed.  Whether they are akin to Jencks material or whether they constitute impeachment material (which would be producible 21 days before trial), early disclosure is not the norm.

Of course, the mere fact that disclosure will be made far in advance of trial is not itself improper.  Indeed, the United States has disclosed a great deal of material in this case far in advance of applicable deadlines.  But there is cause for caution regarding the potential abuse of Rule 17(c) subpoenas.  While the present proposal does not appear abusive, Rule 17(c) vests the

---

[1] The United States notes that there is not a shred of evidence to support defendants' suggestion that the tax returns might also show some kind of government misconduct or undisclosed inducements.  Defendants offer nothing to support their bald assertion that there is "an obvious implication that [the witnesses] filed their tax returns in exchange for some type of inducement or so that their failure to file tax returns would not be grounds for impeachment if they subsequently testified for the government."  Def. Mem. at 1-2.  Nor is there any support for defendants' accusation that, "This evidence would also suggest that Mr. Wallace and Mr. Trieu were induced into cooperating with the government in exchange for some promise of leniency for failing to file their individual tax returns."  Def. Mem. at 4.  The United States is well aware of its obligation to disclose "promises, rewards and inducements" to witnesses and it has done so.  Any suggestion to the contrary is unfounded.

Court with broad discretion, which should be used to ensure that such subpoenas are used only to procure evidence for use at trial and not to conduct any open-ended investigation.

Reasonable safeguards against abuse would include the following: (a) permitting all parties, including the government, to inspect any materials that may be obtained by subpoena[2]; and (b) in light of the general presumption that tax return information is private and confidential, requiring defendants to submit an appropriate protective order limiting the use of such materials to the preparation of the defense in this case. Under those conditions, the United States would not oppose the issuance of subpoenas requiring the production of evidence before trial.

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney

dated: October 7, 2005

                    By: /s/ Paul G. Levenson
                        PAUL G. LEVENSON
                        Assistant U.S. Attorney
                        John Joseph Moakley United States Courthouse
                        1 Courthouse Way, Suite 9200
                        Boston, MA 02210
                        (617) 748-3147

---

[2] This is contemplated by Rule 17(c) itself, which provides, "When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."