# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,
    Plaintiffs,

v.                                                              CRIMINAL NO. 05-10019-RGS-01
                                                                                           -02

DANIEL W. McELROY,
AIMEE J. KING McELROY,
    Defendants.

## *MEMORANDUM AND ORDER ON MOTION OF DEFENDANTS, DANIEL W. McELROY AND AIMEE J. KING Mc ELROY, TO COMPEL DISCLOSURE OF DOCUMENTS AND INFORMATION REGARDING ACCESS OF INSURANCE FRAUD BUREAU PERSONNEL TO GRAND JURY MATERIAL (#49)*

COLLINGS, U.S.M.J.

    The defendants' motion raises the issue of what, if any, showing a

defendant must make to obtain copies of applications which the United States Attorney has made to the Court pursuant to Rule 6(e)(3)(B), Fed. R. Crim. P., to obtain permission to disclose grand jury material to an employee of the Massachusetts Insurance Fraud Bureau (IFB).  It is clear that in certain circumstances, an employee or employees of the IFB can be granted access to grand jury material as "government personnel" as provided in Rule 6(e)(3)(A)(ii), Fed. R. Crim. P., but the grant of access for IFB personnel is not automatic.  *United States v. Pimental,* 380 F.3d 575, 596 (1 Cir., 2004), *cert. denied sub nom. Pimental v. U.S.*, 125 S. Ct. 1385 (2005).  The United States Attorney does not have the power to deliver grand jury materials to IFB personnel *sua sponte. Id.* "Rather, the prosecutor must seek court authorization where quasi-governmental agencies such as the IFB are involved and make a functional showing that the individual involved is within the Rule." *Id.*

In their motion to compel, defendants seek copies of the documents which the prosecutor filed with the Court in the instant case to disclose grand jury material to IFB personnel and any orders which the Court issued on the basis of the prosecutor's submissions.[1]  They argue that under the rationale of the

---

[1] At the hearing, counsel for the defendants waived their motion to compel to the extent that it can be read as seeking more than the papers filed by the prosecutor to disclose grand jury material to IFB

*Pimental* case, it is not a foregone conclusion that IFB personnel will be permitted disclosure of grand jury material. In these circumstances, they point out that there is no way they can test whether the government acted properly unless they are provided with the discovery sought. While I tend to agree that absent the discovery, the defendants would find it difficult to be able to challenge whether the government acted properly or not, I do not think that that fact alone entitles the defendants to discovery.

The reason is that there are limits to the Court's ability to disclose grand jury material. Rule 6(e)(3)(H)(i), Fed. R. Crim. P., provides that "[t]he court may authorize disclosure...of a grand jury matter...at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter which occurred before the grand jury." The rule clearly puts the burden on the defendant to make a preliminary showing.

The defendants in this case have not made the required showing. To succeed on a motion to dismiss, the defendants must establish prejudice. *United States v. Mazzola,* 183 F.Supp.2d 195, 201 (D. Mass., 2001). It follows that, in the words of Rule 6(e)(3)(H)(i), Fed. R. Crim. P., to make a showing "...that a

---

personnel and any orders issued by the Court in response to the prosecutor's filings.

3

ground may exist to dismiss the indictment because of a matter which occurred before the grand jury," the defendants must show that there is some factual basis to believe that the defendants were prejudiced by the asserted Rule 6(e) errors. "The prejudicial inquiry must focus on whether any violations had an effect on the grand jury's decision to indict." *Bank of Nova Scotia v. United States,* 487 U.S. 250, 263 (1988). Put another way, to establish prejudice, the defendants must show that the "...violations... substantially influence[d] th[e] decision [to indict], or...[that] there is grave doubt that the decision to indict was free from...substantial influence..." of the violations. *Id.* In the instant case, there has been no showing that there is any factual basis whatsoever to a claim that any Rule 6(e) violations (if, indeed, there were any) prejudiced the defendants in any way. Since no basis for a dismissal of the indictment has been demonstrated, disclosure is not permitted. Rule 6(e)(3)(H)(i), Fed. R. Crim. P.

The Supreme Court has written cogently as to why there is such a high threshold which must be crossed before an indictment can be dismissed because a prosecutor has violated Rule 6(e) or otherwise committed misconduct.

> Errors of the kind alleged in these cases can be remedied adequately by means other than dismissal.

> For example, a knowing violation of Rule 6 may be punished as a contempt of court. See Fed. Rule Crim. Proc. 6(e)(2). In addition, the court may direct a prosecutor to show cause why he should not be disciplined and request the bar or the Department of Justice to initiate disciplinary proceedings against him. The court may also chastise the prosecutor in a published opinion. ***Such remedies allow the court to focus on the culpable individual rather than granting a windfall to the unprejudiced defendant.***

*Bank of Nova Scotia,* 487 U.S. at 263 (emphasis added).

Somewhat of an analogy can be found in cases in which a defendant attacks an indictment on the ground that excessive hearsay was presented to the grand jury. In the case of *United States v. Jett,* 491 F.2d 1078 (1 Cir., 1974), a defendant challenged his indictment on the basis that only hearsay evidence was presented to the grand jury. *Id.* at 1081. The basis for the challenge was a Second Circuit case, *United States v. Estepa,* 471 F.2d 1132 (2 Cir., 1972), in which the Court dismissed an indictment because of improper use of hearsay evidence before the grand jury. The First Circuit declined to state whether it would follow the *Estepa* case on its facts, but distinguished the facts in *Estepa* from those in *Jett. Jett,* 491 F.2d at 1081. However, it made a point which is quite relevant for present purposes. Specifically, the Court said that while it was better practice to present non-hearsay evidence, it would "...not suggest

that a defendant is entitled as of right to demand grand jury minutes to see if he can discover whether hearsay, or only hearsay, was used." *Jett,* 491 F.2d at 1081-2.

The salient point is that to obtain grand jury materials, a defendant must demonstrate something more than that inspection is necessary to see if there were any errors, even when the inspection is perhaps the only way to discover the errors. I rule that in the case of asserted violations of Rule 6(e), Fed. R. Crim. P., a defendant is not entitled to disclosure unless he can make a showing that there is some basis, other than mere conjecture, that a ground may exist to seek to dismiss the indictment based on the defendant having been prejudiced by the Rule 6(e) violation. I further rule that the defendants in the instant case have failed to make such a showing.

Accordingly, it is ORDERED that the Motion of Defendants, Daniel W. Melroy and Aimee J. King McElroy, to Compel Disclosure of Documents and Information Regarding Access of Insurance Fraud Bureau Personnel to Grand Jury Material (#49) be, and the same hereby is, DENIED.

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

October 14, 2005.