UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| v.   ) | |
| ) | Crim. No. 05-10019-RGS |
| DANIEL W. McELROY,   ) | |
| AIMEE J. KING McELROY, and   ) | |
| XIEU VAN SON,   ) | |
| ) | |
| defendants.   ) | |
| ) | |

UNITED STATES' OPPOSITION TO DEFENDANTS' OBJECTIONS REGARDING
MAGISTRATE JUDGE'S ORDER DENYING DEFENDANTS' MOTION TO
COMPEL DISCLOSURE OF MATERIALS REGARDING ACCESS OF
INSURANCE FRAUD BUREAU PERSONNEL TO GRAND JURY MATERIAL

Defendants ask this Court to reverse the decision of Magistrate Judge Collings denying their request for disclosure of materials pertaining to the involvement of investigators employed by the Insurance Fraud Bureau of Massachusetts (IFB) in the Grand Jury investigation that led to the charges in this case.  For the reasons that were set forth in the United States' submissions to Magistrate Judge Collings, and for the additional reasons set forth below, defendants' objections are unfounded and the Magistrate Judge's order must stand.

1.   Standard of Review

In filing their objections to the Magistrate Judge's decision, defendants invoke Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts.  However, in suggesting that "[t]he Magistrate's Order of October 14, 2005 should be reconsidered and reversed," (Defendants' Objections, Oct. 26, 2005, at 3) defendants elide the applicable standard of review.

This is not a matter for simple reconsideration. On the contrary, Rule 2(b) itself recites that, in ruling on timely objections,

> The district judge to whom the case is assigned will consider such objections and will modify or set aside any portion of the magistrate judge's order determined to be <u>clearly erroneous or contrary to law</u>.

Mass. R. Mag. U.S. Dist. Ct. 2(b) (emphasis added).

This standard is derived from the controlling statute, 28 U.S.C. § 636, which provides:

> **(b)(1)** Notwithstanding any provision of law to the contrary--
>> **(A)** a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court [with enumerated exceptions]. . .. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is <u>clearly erroneous or contrary to law</u>.

28 U.S.C. § 636(b)(1)(A) (emphasis added).

Under this Section 626(b)(1)(A), a magistrate judge's order may reconsidered only if it is "clearly erroneous[1] or contrary to law." This precludes reconsideration of orders which involve the exercise of discretion, such as rulings on motions wherein either allowing the motion or denying it (in whole or part) would be within the discretion of the judicial officer. In such a situation, none of the actions which the magistrate judge could take would be "contrary to law" even if another judicial officer might have chosen to exercise discretion in a different manner. <u>See generally</u> <u>United States v. Gioia,</u> 853 F.Supp. 21, 25-26 (D. Mass. 1994).

Defendants fail even to mention the applicable standard or review and do not suggest any rationale that would permit this Court to second-guess the Magistrate Judge's decision.

---

[1] In ordinary parlance, the "clearly erroneous" standard pertains to findings of fact, of which there are none at issue with respect to this motion.

Defendants conceded before Magistrate Judge Collings that they have no basis for believing that there has been any violation of Grand Jury secrecy, they merely wish to see if some violation might be found. In light of this concession, the Magistrate Judge certainly had discretion to deny defendants' request for an opportunity to launch a fishing expedition.

    2.    <u>The Magistrate Judge's Decision Was Plainly Correct.</u>

The specific ruling that the defendants challenge in this case – the denial of defendants' request for disclosures regarding the participation of IFB investigators in the Grand Jury investigation – was addressed, by Magistrate Judge Bowler, in her published decision in <u>United States v. Mazzola</u>, 183 F. Supp.2d 195 (D. Mass. 2001).

It is worth noting that this Court had occasion to review Magistrate Judge Bowler's decision in <u>Mazzola</u> and – without reference to the deferential standard of review – affirmed her ruling with respect to discovery of IFB involvement in a grand jury investigation. The Court expressly found that Judge Bowler's reasoning on this point was "impeccable":

> The grand jury disclosure request is premised on the argument that the participation of investigators of the Insurance Fraud Bureau (IFB) in the grand jury proceedings constituted a violation of the grand jury secrecy Rule 6(e). Whether the IFB, a Massachusetts agency partially funded by two voluntary associations of insurance carriers, is (or is not), a governmental entity for purposes of the disclosure requirement of Rule 6(e)(3)(A)(ii), is a matter of controversy. <u>See</u>, <u>e.g.</u>, <u>Commonwealth v. Ellis</u>, 429 Mass. 362 (1999); <u>In Re Justices of the Superior Court</u>, 218 F.3d 11 (1st Cir. 2000); <u>United States v. Pimental</u>, 201 F.R.D. 24 (D. Mass. 2001). The defendants insist that it is not and that the participation of IFB personnel in the grand jury proceedings may have tainted the ultimate charging decision. They maintain that disclosure of the extent and nature of that participation would provide the "education" necessary to make an informed decision whether or not to bring a motion to dismiss on grounds of government misconduct.
>
>     The Magistrate Judge thought that in the absence of any definitive determination of the IFB's status for Rule 6(e) purposes, or any showing of misuse of grand jury material by IFB personnel, the violation, if there was one,

was "relatively minor." Thus, she reasoned, the prospects of defendants being able to show the prejudice necessary to warrant dismissal of the indictment were essentially hopeless. See Bank of Nova Scotia v. United States, 487 U.S. 250 (1988). She specifically rejected the argument that defendants were entitled to breach grand jury secrecy to flush out any possible grounds for a motion to dismiss. Rather, she held that defendants were obligated to demonstrate either a "particularized need" for the material or a showing of prejudice as the predicate for any disclosure order. Because defendants had done neither, she denied the discovery request.

Because the Magistrate Judge's reasoning in this regard is impeccable, the motion for reconsideration of the denial of the request for grand jury material will be DENIED.

United States v. Mazzola, 2002 WL 511518 (D. Mass. Apr. 03, 2002) (Stearns, J.).

As the United States noted in its submission to Magistrate Judge Collings, developments in the law subsequent to the Mazzola decision have clarified that IFB investigators are not categorically excluded from participation in Grand Jury investigations. See United States v. Pimental, 380 F.3d 575, 592 (1st Cir. 2004). (explicitly endorsing practice whereby the United States Attorney seeks prior court approval for disclosures of Rule 6(e) material to IFB investigators). In the wake of the First Circuit's decision in Pimental, the logic of Magistrate Judge Bowler's decision in Mazzola is all the more compelling, since there is no longer any room to presume that disclosure of Rule 6(e) materials to IFB investigators would be a per se violation.

At best, defendants seek disclosure of information regarding the government's conduct of the Grand Jury investigation that – even if it revealed some peccadillo – cannot plausibly lead to a dismissal or to the exclusion of evidence. Magistrate Judge Collings' denial of their discovery motion was entirely correct.

> Respectfully submitted,

|  |  |
|---|---|
|  | MICHAEL J. SULLIVAN<br>United States Attorney |
| dated: October 31, 2005 |  |
|  | By: /s/ Paul G. Levenson<br>PAUL G. LEVENSON<br>JACK W. PIROZZOLO<br>Assistant U.S. Attorneys<br>John Joseph Moakley United States Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3147 |