UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10019-RGS

UNITED STATES OF AMERICA

v.

DANIEL W. McELROY and AIMEE J. KING McELROY

MEMORANDUM AND ORDER
ON DEFENDANTS' MOTION TO DISMISS COUNT ONE
AND MOTION TO SEVER COUNTS

October 19, 2006

STEARNS, D.J.

This motion attempts to package the facts of a garden-variety tax scheme into a legal debate of more interest to academicians than to practitioners. In brief, the indictment alleges that defendants and two other co-conspirators operated a temporary worker employment agency with the unremarkable idea that more money could be made by paying employees off the books, thereby concealing their existence from the Internal Revenue Service and various workers' compensation insurers, and thus evading the payment of withholding taxes and insurance premiums. While the conduct alleged is of the same species with respect to both objectives of the conspiracy, the ultimate victims are a sovereign entity – the United States – on the one hand, and private insurers on the other.

The federal conspiracy statute, 18 U.S.C. § 371, originally enacted in 1948, has been thought by some commentators to invite duplicity by setting out as alternatively punishable generic offenses conspiracies to violate the laws of the United States as well

as conspiracies to defraud the United States as a fiscal entity.[1] The potential sin posed by duplicity is not, as is the case with multiplicitous charging,[2] the fear that a defendant might be punished twice for the same offense – indeed the benefit of duplicitous charging, if any, inures to a defendant whose potential exposure to multiple punishments is reduced to a single statutory maximum. Rather, a more quintessentially appellate concern is at stake, the fear that where a jury receives evidence sufficient to convict on one duplicitous charge but not another, a general verdict makes it impossible on review to determine whether a conviction rests on the proven or the unproven charge. But see United States v. Nieves-Burgos, 62 F.3d 431, 434 (1st Cir. 1995) ("[W]hen a jury returns a general verdict of guilty on a single count charging more than one criminal act, the verdict stands if the evidence sufficiently supports any of the acts charged.").

As the United States points out, case law firmly endorses the propriety of double-barreled prosecutions under the separate prongs of § 371 (as defendants candidly concede). See United States v. Harmas, 974 F.2d 1262, 1266-1267 (11th Cir. 1992); United States v. Bilzerian, 926 F.2d 1285 (2d Cir. 1991). The distinction that defendants attempt to draw between these cases, in which the only "victim" – in a financial sense – was the United States – and the instant indictment in which the alleged victims also include private insurers, is not one that the law would recognize. The United States as a sovereign is no less offended – that is, stands no less in the shoes of a "victim" – when the

---

[1] "A count is duplicitous when it charges more than one offense in a single count." United States v. Valerio, 48 F.3d 58, 63 (1st Cir. 1995).

[2] An indictment is multiplicitous if it charges a single offense in more than one count. United States v. Brandon, 17 F.3d 409, 422 (1st Cir. 1994).

laws it has promulgated are flouted than when a miscreant's deed directly impacts the public fisc.

On a more practical level, the concern over duplicity is a recrudescence of the common-law bias against special verdict questions in criminal cases. While reflections of this bias appear occasionally in the modern appellate literature, see, e.g., United States v. Ellis, 168 F.3d 558, 562 (1st Cir. 1999), rev'd on other grounds, United States v. Gorsuch, 404 F.3d 543 (1st Cir. 2005), the bias has mostly vanished as federal trial courts have resorted to special verdict questions in the wake of the sentencing uncertainties created by Apprendi v. New Jersey, 530 U.S. 466 (2000), and subsequent Supreme Court cases policing the federal sentencing guidelines. In this case, any potential misdirection created by the manner in which Count One of the indictment is framed can – and will be – addressed at trial by the simple expedient of submitting to the jurors special questions: do they find sufficient evidence to warrant conviction on one or both (or neither) of the crimes charged under § 371?[3]

---

[3] It is true, as the government states, that "where a statute . . . sets forth several different means by which an offense may be committed, it is permissible for a count in an indictment to allege all or several of these means in the conjunctive." United States v. Garcia-Torres, 341 F.3d 61, 66 (1st Cir. 2003). Because the typical statute worded in the disjunctive does not define separate *crimes*, but only alternate *means* of committing the same offense, a jury need not unanimously agree on the precise method by which the generic offense was committed. This is especially true where "history and wide practice" have accorded different means of committing an offense a "moral and practical equivalence." See Schad v. Arizona, 501 U.S. 624, 637-638 (1991) (*plurality opinion*) (alternative theories of first degree murder). "The crucial distinction is . . . between a fact that is an element of the crime and one that is 'but the means' to the commission of an element." United States v. Verrecchia, 196 F.3d 294, 299 (1st Cir. 1999). Compare Richardson v. United States, 526 U.S. 813, 821 (1999) (neither history nor tradition supports the treatment of the individual violations necessary to establish a "continuing criminal enterprise," 21 U.S.C. § 848(a), "as simply means toward the commission of a

ORDER

For the foregoing reasons, the motion to dismiss Count One of the indictment is DENIED.  The motion to sever misjoined offenses is also DENIED.[4]

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

greater crime."). Here while similar means of committing the offenses are alleged, defendants fairly argue that the consequences of these means as described in the indictment define distinct crimes. Hence, the disjunctive rule is not applicable.

[4]This motion is premised on the expectation, realistic or not, that the court would dismiss the conspiracy court as duplicative.  That not being the case, the motion is effectively moot.