UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10019-RGS

UNITED STATES OF AMERICA

v.

DANIEL W. McELROY and AIMEE J. KING McELROY

MEMORANDUM AND ORDER
ON DEFENDANTS' MOTION TO DISMISS
COUNTS TWO THROUGH FOUR OF THE INDICTMENT

October 19, 2006

STEARNS, D.J.

In this motion, defendants Daniel W. McElroy and Aimee J. King McElroy seek dismissal of the mail fraud counts of the indictment (Counts Two through Four). The factual premise of the motion is fairly straightforward. Defendants maintain that the three separate Workers Compensation and Employers Liability Insurance Policy Information Pages that form the basis of the disputed counts are not sufficient to satisfy the "in furtherance" element of the mail fraud statute. This, according to defendants, is because the Information Pages did not show how the underlying premiums were calculated, were not formal invoices or requests for information, and were therefore "not a prerequisite to obtain workers compensation insurance coverage."

First, a few basics. The mail fraud statute, 18 U.S.C. § 1341, makes it a federal crime to cause the United States mails to be used in furtherance of "a scheme and artifice to defraud." The use of the mails need not be essential to the success of the scheme, but merely a closely related and reasonably foreseeable incident of its execution. United

States v. Morrow, 39 F.3d 1228, 1236-1237 (1st Cir. 1994), citing Schmuck v. United States, 489 U.S. 705, 710-711 (1989).  Use of the mails, not a specific mailing, is the necessary reasonably foreseeable component of the scheme to defraud.  United States v. Pimental, 380 F.3d 575, 590 (1st Cir. 2004).  "There is no requirement that the mailing be done by a party to the fraud so long as the mailing bears the requisite relationship to the fraudulent scheme."  Morrow, 39 F.3d at 1237.  Nor must the mailing itself be critical to the ultimate success of the scheme.  See Pimental, 380 F.3d at 586 (rejecting the imposition of a "but for" test for determining whether a mailing satisfies the "in furtherance" element of the mail fraud statute).

The motion to dismiss is, as the government fairly points out, based on a fundamental misunderstanding of the significance of the Information Pages mailed by the defrauded workers compensation insurance carriers to the defendants.  The Information Pages were not, as defendants imply in their brief, merely informational in nature, akin to a mass-mailed promotional brochure.  They were legally binding documents committing the carriers to the effectuation of the underlying workers compensation insurance policies.  Hardly a mere "by-product" of the scheme to defraud, the induced mailing of the Information Pages with grossly undervalued premiums was at the very heart of the scheme to defraud.  There is simply no principled distinction between the mailing of the Information Pages and the mailing of the title registration papers in Schmuck that the Supreme Court found an essential step in the execution of the scheme to defraud.

## ORDER

For the foregoing reasons, the motion to dismiss Counts Two through Four of the indictment is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE