UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 05-10019-RGS |
| ) | |
| DANIEL W. McELROY, ) | |
| AIMEE J. KING McELROY. ) | |

### MOTION IN LIMINE OF DEFENDANTS, DANIEL W. MCELROY AND AIMEE J. KING MCELROY, TO EXCLUDE EVIDENCE OF CIVIL COMPLAINT AND JUDGMENTS

Defendants, Daniel W. McElroy and Aimee J. King McElroy move this Court in limine to exclude evidence of defendants' prior civil complaint and subsequent judgments.

According to discovery provided to the defendants, including a list of proposed exhibits, it is the intention of the Government to seek to offer at trial a civil complaint (Civil Action File No. 92-12306Z) and the resulting judgments. The Government's intent in offering the proposed documents is clearly to prejudice the defendants and confuse the jury by placing a different set of allegations held to a different standard and mask them as related to the criminal matters at bar. Such evidence, in the facts and circumstances here is more prejudicial than probative and should not be admitted. (Fed. R. Evid 403).

The complaint which the Government seeks to offer is inadmissible hearsay, subject to no exception. The complaint is merely a set of allegations created by the Government. It contains no statements by the defendants nor has it been adopted or agreed upon by them. To propose that the complaint is necessary to explain the proffered judgments is pretext. The judgments, should they be allowed in whole or part, speak for themselves.

{K0361610.1}

Moreover, the complaint, like the judgments contains completely irrelevant allegations, thus suggesting that the Government seeks improperly to offer evidence of other crimes, wrongs or acts. (Fed. R. Evid 404(b)). The complaint alleges violations of Sections 6,7 and 11 of the Fair Labor Standards Act of 1938, as amended (52 Stat.1060, 29 USC 201, et.seq.), hereinafter "the Act", and specifically alleges failure to pay the minimum wage, failure to pay overtime and failure to make available for inspection certain records. There are no allegations contained in the indictment regarding minimum wage or overtime violations. Clearly placing such other bad acts, untested and held to a lesser standard of proof before the jury, is more prejudicial than probative and should not be allowed.

As to the allegation contained at Section XI of the complaint pertaining to record inspection, there is no concomitant allegation contained within the indictment, nor does the Act address payment in cash. Payment in cash is not a crime.

The judgment entered into by Aimee King McElroy addressed payment in cash and enjoined her from paying her employees in cash. Daniel McElroy's judgment did not speak to the issue of payment in cash and addressed only the minimum wage and over-time standards and the records requirements. Daniel McElroy's entire judgment addresses only evidence barred by Fed. R. Evidence 404 (b), is more prejudicial than probative and, consequently, should not be admitted.

As to Aimee King McElroy's judgment, it too is replete with impermissible evidence of other crimes wrongs or acts. Like the complaint , the judgment addresses minimum wage and over-time standards—irrelevant issues not present in the case at bar and designed to tarnish the defendants and likely to confuse the jury. Further, the specific instance addressed- paying in cash cannot be allowed to prove, as the government hopes it might, action in conformity with that

{K0361610.1}

alleged in the indictment . (Fed. R. Evid. 404(b)). Even if deemed relevant, on balance such evidence cloaked with the imprimatur of a legal judgment is more susceptible to unfair prejudice, confusion of the issues or misleading the jury than probative of the defendants' guilt or innocence on the charges alleging conspiracy and tax crimes. (Fed. R. Evid. 403).

Moreover, allowing a civil judgment untested, with a lesser standard of proof into a criminal trial may violate the defendants' Sixth Amendment right of confrontation and Fourteenth Amendment rights of due process and equal protection. *United States v. Cohen* 946 F.2d 430 at 435 (6th Cir. 1991).

Based upon the foregoing, Daniel McElroy and Aimee King McElroy most respectfully request that this Honorable Court allow defendants' motion in limine.

Respectfully submitted,
By Her Attorney,

Aimee J. King McElroy

_____
Jack I. Zalkind (BBO# 538840)
Law Office of Jack Zalkind
One International Place, 18th Flr.
Boston, MA 02110
617.227.3950
617.342.6899

Respectfully submitted,
By His Attorney,

Daniel W. McElroy

_____
Stephen R. Delinsky (BBO# 119120)
Eckert Seamans Cherin & Mellott, LLC
One International Place
Boston, MA 02110
617.342.6800
617.439.3950

DATED: January 10, 2008

### CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on ___1-11-08___
By: _____

{K0361610.1}