UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 05-10019-RGS |
| DANIEL W. McELROY and AIMEE J. KING McELROY | ) ) ) | |
| Defendants. | ) ) | |

UNITED STATES' OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE REGARDING CRIMINAL REFERRAL MEMORANDUM

The United States, by its undersigned counsel, opposes the Motion in Limine of Defendants Daniel W. McElroy and Aimee J. King McElroy, for Disclosure of the Office of the United States Trustee's Criminal Referral to the United States Attorney's Office Concerning Xieu Van Son. Dkt. # 85.

Defendants ask this Court to order the government to provide them with a copy of a criminal referral memorandum from the United States Trustee to the United States Attorney's Office concerning Xieu Van Son. Mr. Van Son will testify in the government's case in-chief. As is evident from the defendants' motion, however, the United States Attorney's Office has already provided them with a written description of the information contained in the memorandum. That is all that is required under the Local Rules. Local Rule 116.2(B)(1).

Defendants' acknowledge that the only possible relevance of the information contained in the referral is on cross-examination of Mr. Van Son so that they may examine him "about his deal with the government." Def. Mot. at 2. But, as their motion makes clear, they already have all of the information necessary for such cross-examination. The witness has never seen the memorandum and he cannot be cross-examined on it.[1] The memorandum itself – a document

---

[1] Even if this Court were to allow defendants' motion, defendants', at the very least, should be precluded from identifying the document as a "criminal referral."

drafted by an employee of the United States Trustee's Office who will not be testifying at trial – is inadmissible hearsay. *See* Federal Rule of Evidence 802.

Moreover, defendants have all of the information to which they are entitled under the Local Rules. Specifically, pursuant to Local Rule 116.2, the government must provide the defendants with "information" reflecting bias and a "written description of any prosecutable federal offense known by the government to have been committed by any witness whom the government anticipates calling in its case in chief." The government did that.[2] The government is *not* obligated to disclose an inter-agency communication such as a criminal referral memorandum. And as a matter of protocol, the government does not disclose such documents. *See* 5 U.S.C. § 552(b)(5) and (b)(7).

---

[2] In addition to the written description of the referral memorandum, the government provided defense counsel with copies of the underlying bankruptcy documents, including an audio-taped statement made by Mr. Van Son.

In sum, the government has complied with its discovery obligations and the defendants have all of the information necessary to "cross-examine Mr. Van Son about his deal with the government." There is no basis for ordering the government to produce the internal communication.

|  |  |
|---|---|
| Dated: January 18, 2008 | Respectfully submitted,<br><br>MICHAEL J. SULLIVAN<br>United States Attorney<br><br>By: */s/ Sarah E. Walters*<br>JONATHAN F. MITCHELL<br>SARAH E. WALTERS<br>Assistant U.S. Attorneys<br>John Joseph Moakley United States Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3274 |

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

Dated: January 18. 2008

*/s/ Sarah E. Walters*
SARAH E. WALTERS