UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 05-10019-RGS |
| DANIEL W. McELROY and AIMEE J. KING McELROY | ) ) ) | |
| Defendants. | ) ) | |

## UNITED STATES' MOTION IN LIMINE TO LIMIT CROSS-EXAMINATION OF CHARLES WALLACE

The United States, by its undersigned counsel, moves in limine for an Order limiting the cross-examination of Charles Wallace, a cooperator who will be testifying in the government's case-in-chief. Specifically, the government asks this Court to limit cross-examination regarding Mr. Wallace's relationship with Michael Powers and John Mahan.

In their recent Motion for Continuance, defendants claim that information contained in two interview reports regarding Mr. Wallace's interactions with Commonwealth Temporary Services, a company operated by Michael Powers and John Mahan, contain "powerful" exculpatory evidence. The defendants declined to explain how the information regarding Mr. Wallace's dealings with Mr. Powers and Mr. Mahan is at all exculpatory, and the government can only speculate that they intend to cross-examine Mr. Wallace about those dealings.

Mr. Powers and Mr. Mahan are former employees of the defendants' temporary employment agency and now operate their own temporary employment agency that, at one time, may have competed with that operated by the defendants. As the government advised defense counsel last fall, neither Mr. Powers nor Mr. Mahan will be witnesses at trial. Nonetheless, the government has produced interview reports that suggest that Mr. Wallace may have had business dealings with them. Any cross-examination regarding Mr. Wallace's interactions with Mr. Powers and Mr. Mahan, or their separate company, would have no direct relevance as to whether

the defendants conspired to defraud the United States and their insurance carriers, as alleged in the indictment.

Nor does it appear that the defendants intend to introduce the evidence of Wallace's business dealings as prior bad acts of a witness under Rule 608(b). Instead, the defendants apparently seek to introduce the evidence based on a highly attenuated bias theory: because Mr. Wallace has a business relationship with competitors of the defendants' now defunct temporary employment agency, he now wants to ensure that the defendants are convicted and imprisoned so as to foreclose any future competition. The theory is, to say the least, a stretch, and promises to side-track the trial of the defendants into a mini-trial about Mr. Wallace's business dealings with individuals who will not testify. Allowing defendants to proceed with such questioning of Mr. Wallace, or any other witness, would be distracting, confusing, and an enormous waste of time.

The defendants have plenty of fodder for their cross-examination of Mr. Wallace, who pled guilty to conspiring with the defendants and entered into a plea agreement in which he is eligible for a departure pursuant to Section 5K1.1 based on his testifying at the trial of this case. There can be no doubt that the defense will attack Mr. Wallace based on his desire for a reduced sentence. Likewise, they will presumably cross-examine Mr. Wallace regarding his prior conviction for tax fraud in the 1980's. Whatever the defendants' far-fetched theory about Mr. Wallace's dealings with Mr. Powers and Mr. Mahan is, even if conceivably related to Mr. Wallace's credibility, it would not add to an already substantial cross-examination of Mr. Wallace. Under these circumstances, any line of questioning regarding Mr. Powers, Mr. Mahan, Commonwealth Temporary Services and/or Mr. Wallace's dealings with those persons and entities should be precluded.

For the foregoing reasons, the government respectfully requests that its Motion in Limine to Limit Cross-Examination of Charles Wallace be ALLOWED.

                                            Respectfully submitted,

                                            MICHAEL J. SULLIVAN
                                            United States Attorney

Dated: January 16, 2008

                                    By: */s/ Sarah E. Walters*
                                            JONATHAN F. MITCHELL
                                            SARAH E. WALTERS
                                            Assistant U.S. Attorneys
                                            John Joseph Moakley United States Courthouse
                                            1 Courthouse Way, Suite 9200
                                            Boston, MA 02210
                                            (617) 748-3274

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

Dated: January 16, 2008

                                        */s/ Sarah E. Walters*
                                        SARAH E. WALTERS