UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 05-10019-RGS |
| DANIEL W. McELROY, and AIMEE J. KING McELROY, | ) ) ) | |
| Defendants. | ) ) | |

GOVERNMENT'S MOTION TO EXEMPT
PRESENTATION OF SUMMARY WITNESSES FROM SEQUESTRATION ORDER

The United States, by its undersigned counsel, files this Motion in response to an issue raised at the Pretrial Conference regarding the proper handling of "summary/expert" testimony regarding tax and insurance premium computations. Specifically, defense counsel stated their objection to allowing two summary/expert witnesses to sit through the trial. As set forth below, under First Circuit precedent, the two witnesses should be exempt from the sequestration Order.

The first witness at issue is an IRS revenue agent who will summarize the defendants' tax filings and calculate the actual payroll based on the defendants' bank records for each tax year. In calculating the actual payroll he will rely, to some extent, on testimony regarding the defendants' practice of cashing checks and distributing the cash as payroll that was never reported on their returns. Based on these figures, he will calculate the overall "tax loss" for each period.

The second witness at issue is a representative of Liberty Mutual Insurance who will take the total amount of payroll calculated by the IRS revenue agent and calculate the amount of insurance premiums the defendants should have paid, based on common formulas in the

insurance industry. The difference between these figures and the premiums the defendants actually paid in corresponding periods represents the loss to the insurance companies.[1]

As the Court noted at the Pretrial Conference, it is doubtful whether either of these anticipated summary witnesses are properly deemed "experts." As the First Circuit's decisions reflect, while district courts have adopted varying approaches, the term used is essentially irrelevant. See United States v. DeSimone, 488 F.3d 561, 576 (1st Cir. 2007) (affirming admission of IRS agent's summary testimony and chart, noting that Fed. R. Evid. 1006 (summaries), Fed. R. Evid. 611(a) (authority to control presentation of evidence to "avoid needless consumption of time") and Fed. R. Evid. 703 (expert testimony) "are not mutually exclusive and often may be read together in a common sense manner"). See also United States v. Serafino, 281 F.3d 327, 330-331 (1st Cir. 2002) (finding no plain error in jury instructions that referred to IRS agent as an "expert," and noting, "presumably [the IRS Agent] was qualified to testify as an "expert" regarding the amount of [defendant's] outstanding tax liability . . ..") (emphasis removed); United States v. Sutherland, 929 F.2d 765, 780 (1st Cir. 1991) (referring to IRS Agent as "a summary witness to calculate income taxes due"); United States v. Lussier, 929 F.2d 25, 30 (1st Cir. 1991) (no difference to ruling "[w]hether one denominates [IRS Agent] as a 'fact' or 'expert' witness").

As the First Circuit has noted, the bulk of the work done by an IRS agent testifying as a summary witness is purely ministerial, assembling the pertinent financial records. While the further step of computing tax impact could arguably be deemed "expert" testimony, the degree of "expertise" involved is hardly elevated:

---

[1] The government is not seeking to exempt its third "expert/summary" witness, an IRS computer specialist, from the sequestration order.

> If appellant means by that complaint that [the summary witness, an IRS agent] did not have the expertise to summarize the financial information contained in the charts, his argument is hopeless. The invoices, checks, and other documents were routine financial records, and creating summaries of the data took patience but not expertise. Moreover, even if he is challenging the agent's credentials to do the tax computations, that challenge would fail. An IRS agent is qualified to express an opinion on the tax consequences of a transaction, United States v. Mikutowicz, 365 F.3d 65, 72 (1st Cir.2004), particularly where, as here, the computation required no subjective judgment. See United States v. Serafino, 281 F.3d 327, 330 (1st Cir.2002) (noting that an IRS agent presumably is qualified to testify as an expert regarding the amount of an outstanding tax liability).

United States v. Milkiewicz, 470 F.3d 390, 401 (1st Cir. 2006).[2] The work of the insurance representative, likewise, involves taking the number calculated by the IRS agent and simply plugging it into a common industry formula.

As to the question of sequestration, because the summary/expert witness is not a percipient witness – but simply compiles and summarizes facts established by other evidence – none of the customary reasons for witness sequestration apply to such a witness. Permitting the witness to hear trial testimony – and thus allowing the witness to make sure his testimony is an accurate summary of that evidence – helps insure that the summarizing witness's testimony will serve its proper purpose, which is to assist the jury in making sense of otherwise voluminous or complex evidence. See, e.g., United States v. Pree, 408 F.3d 855, 869 (7th Cir. 2005) ("It is well established that '[t]he nature of a summary witness' testimony requires that he draw conclusions from the evidence presented at trial.'") (citation omitted). United States v. Moore, 997 F.2d 55, 58 (5th Cir. 1993) ("As a summary witness, an IRS agent may testify as to the agent's analysis of

---

[2] The practice of presenting summary testimony in tax cases is widely accepted. "It is well established that '[t]he nature of a summary witness' testimony requires that he draw conclusions from the evidence presented at trial.'" United States v. Pree, 408 F.3d 855, 869 (7th Cir.2005) (citation omitted); see United States v. Sabino, 274 F.3d 1053, 1067 (6th Cir.2001)) ("Testimony summarizing evidence is admissible in income tax prosecutions."), amended on other grounds 307 F.3d 446 (2002).

the transaction which may necessarily stem from the testimony of other witnesses."). The jury will readily understand that the summary witness is part of the prosecution team, with a limited – albeit helpful and time-saving – role to play. See United States v. Serafino, 281 F.3d 327, 331 (1st Cir. 2002) (remarking that a jury would not regard IRS agent's "number-crunching" as an expert opinion).

The First Circuit has directly addressed this issue, finding no error – and certainly no prejudice – in putting a summary witness on the same footing as a case agent for purposes of sequestration under Fed. R. Evid. 615:

> Pursuant to Fed.R.Evid. 615, the district court sequestered all trial witnesses except (1) the government's case agent, who served as the government's designated representative under Fed.R.Evid. 615(2) and therefore was entitled to remain in court, and (2) an IRS agent named Gary Soares, who testified at the end of the government's case to his calculation of the taxes due and owing by Lussier, based on "the testimony and documents in evidence." Lussier objects to Soares' presence, but there was no error in the district court's decision to allow him to remain. Whether one denominates Soares as a "fact" or "expert" witness, it is clear that his testimony was based on, summarized, and was consistent with the evidence presented at trial, and that there would have been "little, if any reason" to sequester him. Morvant v. Construction Aggregates Corp., 570 F.2d 626, 629-30 (6th Cir.1978) (little if any reason to sequester a witness who is to testify in an expert capacity only and not to the facts of the case). Lussier was not prejudiced by the decision to allow Soares to remain in court, which consequently was not an abuse of the district court's discretion. See United States v. Jewett, 520 F.2d 581, 584 (1st Cir.1975).

Lussier, 929 F.2d at 30.

In sum, as established by ample First Circuit precedent, regardless of whether the IRS revenue agent and insurance representative are characterized as summary or expert witnesses, it is appropriate for them to be exempt from the sequestration order. Indeed the defendants have not articulated any reasons why they would be prejudiced by allowing these two witnesses to attend the trial.

4

For the foregoing reasons, the government respectfully requests that this Motion be ALLOWED and that, in addition to the case agent, the IRS revenue agent and insurance representative be permitted to attend the trial and hear testimony.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By: /s/ Jonathan F. Mitchell
    JONATHAN F. MITCHELL
    SARAH E. WALTERS
    Assistant U.S. Attorneys
    John Joseph Moakley United States Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA 02210

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

                                      */s/ Sarah E. Walters*
                                      SARAH E. WALTERS