UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 05-10019-RGS |
| | ) | |
| DANIEL W. McELROY and | ) | |
| AIMEE J. KING McELROY, | ) | |
| | ) | |
| defendants. | ) | |

UNITED STATES' OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE REGARDING IDENTIFICATION TESTIMONY

The United States, by its undersigned counsel, opposes Defendants' Motion to Suppress

Identification Testimony and Request for Hearing.  Dkt. # 114.

Defendants seek to suppress out of court and in-court identifications of Daniel McElroy

by two of the government's witnesses:  Rick DeMello and Richard Donovan.  As set forth

below, there is no basis for suppressing Mr. DeMello's or Mr. Donovan's identifications, both of

which, as a matter of law, are inherently reliable.  Nonetheless, the government has no intention

of introducing either out of court identification nor will these two witnesses be asked to identify

Mr. McElroy in the courtroom.  Accordingly, there is no need for a hearing and the Defendants'

motion is moot.

The framework for evaluating identification testimony is well settled in the First Circuit.

*See, e.g., United States v. Perez-Gonzalez*, 445 F.3d 39, 48 (1st Cir. 2006); *United States v.*

*Watson*, 76 F.3d 4, 6 (1st Cir. 1996); *United States v. de Jesus-Rios*, 990 F.2d 672, 677 (1993).

First, the Court looks to whether an inappropriately suggestive procedure was used.  *Perez-*

*Gonzalez*, 445 F.3d at 48.  If so, then the Court must consider whether, notwithstanding the

suggestive procedure, the identification was reliable under the totality of the circumstances.  *Id.*

"Exclusion of (or prohibition of) an identification is only appropriate if the court believes there is

a very substantial likelihood of irreparable misidentification."  *Id.*  "[I]t is only in extraordinary

cases that identification evidence should be withheld from the jury." *de Jesus-Rios*, 990 F.2d at 677 (quoting *United States v. Maguire*, 918 F.2d 254, 263 (1ˢᵗ Cir. 2000)). Applying these principles, there is no basis to exclude either identification.

As an initial matter, this case is not about the defendants' physical appearance. Indeed, most of the witnesses in this case have known the defendants for years. Moreover, even if the out of court identification procedure used with the two witnesses at issue was somehow suggestive, the identifications themselves are reliable. Courts in the First Circuit consider five factors when evaluating the reliability of an identification:

> (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation.

*Watson*, 76 F.3d at 7, n.1; *de Jesus-Rios*, 990 F.2d at 677. No one factor is dispositive as to the reliability of an identification. *See Watson*, 76 F.3d at 7, n.1 (absence of prior description does not render subsequent identification unreliable). Rather, the Court must consider the totality of the circumstances when making a determination about the reliability of the identifications at issue. *See Perez-Gonzalez*, 445 F.3d at 48; *Watson*, 76 F.3d at 6; *de Jesus-Rios*, 990 F.2d at 677.

With respect to Mr. DeMello, the defendants' only argument is that when he described Mr. McElroy in 2002, he stated that he was "short" and more recently described him as "5'8." Some might argue that 5'8" is relatively short for a male. Putting aside Mr. DeMello's definition of "short," at its core, his description of Mr. McElroy remained completely unchanged between 2002 and the present. (See Defendants' Exhibits 1 and 2 in which Mr. DeMello describes Daniel McElroy as white, blonde and fair). And importantly, Mr. DeMello repeated his description of Mr. McElroy at least two times <u>before</u> receiving the photograph. As Special Agent McCormick wrote in her report, Mr. DeMello showed no uncertainty about the identification.

Likewise, Mr. Donovan is very familiar with Mr. McElroy.  As SA McCormick's report indicates, he met Mr. McElroy on multiple occasions throughout the conspiracy and, more recently, has seen him out at restaurants.  (Defendants' Exhibit 3).  If asked to testify, SA McCormick could confirm that Mr. Donovan also showed no hesitancy in his identification of Mr. McElroy.  Both identifications were reliable.  Especially in light of the circumstances of this case, and the First Circuit's directive to exclude identification testimony only in the most "extraordinary cases," there is no basis for suppressing the identification of Mr. McElroy by Mr. DeMello or Mr. Donovan.

Nonetheless, as set forth above, the government agrees not to seek to introduce the out of court identifications by either Mr. DeMello or Mr. Donovan nor will it ask either witness to identify Mr. McElroy in the courtroom.[1]  To be clear, both witnesses will still testify regarding their interactions with Mr. McElroy and will testify that Mr. McElroy introduced himself to them as Dan McElroy.  Even if defendants' motion were allowed, such testimony would be permissible.

---

[1]     Recently, another government witness, Gary Scranton, was shown a photograph of Mr. McElroy.  The agent involved is finalizing his report and will provide it to the defense before the start of the trial on Monday, January 28.  The government will not ask Mr. Scranton to identify Mr. McElroy in the courtroom.

Under these circumstances, there is no need for a hearing on defendants' Motion to Suppress, which motion is moot.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: January 27, 2008

By: */s/ Sarah E. Walters*
JONATHAN F. MITCHELL
SARAH E. WALTERS
Assistant U.S. Attorneys
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

Dated: January 27, 2008

*/s/ Sarah E. Walters*
SARAH E. WALTERS

4