UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | ) Crim. No. 05-10019-RGS<br>) |
| DANIEL W. McELROY and<br>AIMEE J. KING McELROY, | )<br>)<br>) |
| defendants. | )<br>) |

### UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE REGARDING TESTIMONY OF JOSEPH DIRICO

The United States, by its undersigned counsel, opposes the Motion in Limine of Defendants Daniel W. McElroy and Aimee J. King McElroy, To Exclude Testimony of Joseph Dirico Based on the Government's Violation of Local Rule 117.1(A)(4)(b). Dkt. # 115.

Defendants seek to exclude testimony of Joseph Dirico, a workers' compensation auditor, regarding his meeting with Aimee King McElroy in or about April 1993. Specifically, defendants claim that testimony regarding that meeting is "only admissible pursuant to Rule 404(b)" and complain that they did not receive sufficient notice of the evidence. The defendants' argument should be rejected because, for three independent reasons, the meeting between Mr. Dirico and Aimee King McElroy is not Rule 404(b) evidence.

First and foremost, Mr. Dirico's meeting with Aimee King McElroy took place during the charged period of the conspiracy, that is, between January 1, 1993 and June 26, 2001, and was an overt act of the conspiracy, insofar as it furthered the defendants' effort to continue to obtain insurance for their temporary employment agency. The meeting did not occur before the charged conduct.

Second, even if it the meeting had not occurred within the period of the conspiracy – which it did – it was part and parcel of the same course of conduct charged in the Indictment. In other words, the defendants' meetings with insurance company representatives are not "other"

acts that would require a Rule 404(b) analysis.[1]  *See United States v. McCann*, 366 F.3d 46, 55 (1st Cir. 2004).

Third, Mr. Dirico will <u>not</u> testify that he was misled by Ms. King McElroy during that meeting.  Rather, he will testify regarding the fact of the meeting and his interactions with the defendant as well as the resulting cancellation of the relevant policy.  It is not being offered as a Rule 404(b) "bad" act.  The testimony is directly relevant to Ms. King McElroy's knowledge, motive and intent to defraud her workers' compensation insurers as charged in the Indictment.

For the foregoing reasons, defendants' motion should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: January 27, 2008

By: */s/ Sarah E. Walters*
    JONATHAN F. MITCHELL
    SARAH E. WALTERS
    Assistant U.S. Attorneys
    John Joseph Moakley United States Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3100

---

[1] The interview report produced identifies the meeting as being related to a policy issued to the Daily Agency for the 1993-1994 policy period.  Government Exhibits 208 and 208A, which were produced to the defendants years ago in discovery, specifically identified to the defense as trial exhibits in December 2007, and made available for their review on January 8, 2008, show that the meeting occurred in April 1993 and that Mr. Dirico sent Ms. King McElroy a letter regarding that meeting in May 1993.  Even if this testimony were "only admissible under Rule 404(b)" – which it is not – the defendants received "reasonable notice" of the government's intention to introduce this evidence, as required by Rule 404(b).  Mr. Dirico is not scheduled to testify until later in the first full week of trial.

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

Dated: January 27, 2008

                                                                  /s/ Sarah E. Walters
                                                                  SARAH E. WALTERS