UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | |
| ) | CRIMINAL NO. 05-10019RGS |
| DANIEL W. McELROY, ) | |
| AIMEE J. KING McELROY, and ) | |
| XIEU VAN SON ) | |
| ) | 1-22-08 |
| ) | |

### MOTION TO QUASH SUBPOENA ISSUED
### TO FIELDSTONE CAPITAL MANAGEMENT, INC.

Now comes the Movant, Brenda Powers and Fieldstone Capital Management, Inc., hereafter "Fieldstone", parties now under subpoena in the above-entitled matter, and through counsel hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure (17)(c)(2) and Local Rules 112.1 and 7.1, to quash the subpoena duces tecum issued at the request of the Defendant, Daniel McElroy.

In support, Fieldstone avers that this subpoena is unreasonable, oppressive, improper, irrelevant, overly broad, constitutes a "fishing expedition" and is in direct contravention of Rule 17 and the Order issued by Collings, J. on October 11, 2005 (attached hereto as Exhibit "A").

WHEREFORE, we pray this Court allow this motion and based upon the Order (Exhibit "A"), the lack of timelines, and the circumvention of Rule 17, Fieldstone hereby asks this Court order the Defendant to incur costs and attorney's fees in connection with this matter.

Respectfully submitted,
Brenda Powers and
Fieldstone Capital Management, Inc.
By their attorney,

Frank D. Camera, Esq.
BBO#: 635930
56 N. Main Street, Suite 303
Fall River, MA  02720
508-677-2878
508-677-2876   Fax

Dated: January 21, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V. )<br>)<br>DANIEL W. McELROY, )<br>AIMEE J. KING McELROY, and )<br>XIEU VAN SON ) | CRIMINAL NO. 05-10019RGS |

## MEMORANDUM OF LAW

### STATEMENT OF FACTS

Based upon information provided, Fieldstone Capital Management, Inc., hereafter "Fieldstone", was served a subpoena for production of records in the current criminal case pending against Daniel W. McElroy and Aimee J. King McElroy. Fieldstone is a lawful entity existing and incorporated in Massachusetts. It has been in existence since approximately January 2004. At no time has Fieldstone employed, been associated with or engaged in any business or transaction with either Daniel McElroy or Aimee J. King McElroy. Further, Charles Wallace, a witness for the Government in the above-captioned matter is neither an employee, shareholder nor a corporate officer of Fieldstone.

### ANALYSIS

In order to obtain production of materials before trial pursuant to Fed. Rule Crim.P. 17(c), a party must show:

1) that the documents are evidentiary and relevant;
2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

1

3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

4) that the application is made in good faith and is not intended as a general "fishing expedition".

United States v. Nixon, 418 U.S. 683, 699-700 (1974); United States LaRouche, 841 F.2d 1176, 1179 (1st Cir. 1988). Rule 17 applies only to admissible evidence, not to materials that might lead to discovery of exculpatory evidence. United States v. Shinderman, 432 F.Supp. 157 (2006); See Bowman Dairy Co. v. United States, 341 U.S. 214 (1951). The hope of obtaining potentially favorable information does not justify the issuance of a Rule 17 (c) subpoena. A subpoena is also not proper where the requesting party is on a "fishing expedition" for prospective use of the material only for impeachment. United States v. Decologero, Docket No. 01-10373-RWZ (Massachusetts District Court January 13, 2006).

Fieldstone or Brenda Powers is not a named party or witness in this action. Further, Fieldstone or Powers have no connection to either of these defendants. Hence, the requests in Schedule "A", numbers 1 and 2, have no relevance or materiality to this prosecution. See United States v. Lieberman, 608 F.2d 889, 904 (1st Cir. 1979); United States v. Agurs, 427 U.S. 97, 109-110 ("The mere possibility that an item of undisclosed information might have helped the defense or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense").

Requests numbered 3 and 4 in Schedule "A" amount to nothing more than a "fishing expedition" outside the restrictions of Rule 17. Fieldstone has never employed or been engaged in the practice of temporary employment. The fact that defense counsel wishes to impeach Charles Wallace does not make documents possessed by Brenda Powers and/or Fieldstone relevant to the prosecution or defense of Daniel McElroy or Aimee J. King McElroy. Of note, neither Aimee King McElroy nor the Government has sought the production of these documents either by subpoena or any other means.

Finally, on or about August 29, 2005, defense counsel for both Daniel McElroy and Aimee J. King McElroy filed a motion authorizing the issuance of subpoenas duces tecum (attached hereto as Exhibit "B"). Based on this motion and the Order issued by Collings, J., this subpoena is clearly outside its scope.

## **CONCLUSION**

Defendants' subpoena should be quashed. In the alternative, if the Court should order production of document(s), Fieldstone requests a reasonable amount of time to comply.

Respectfully submitted,
Brenda Powers and
Fieldstone Capital Management, Inc.
By their attorney,

Dated: January 21, 2008

Frank D. Camera, Esq.
BBO#: 635930
56 N. Main Street, Suite 303
Fall River, MA 02720
508-677-2878
508-677-2876

3

**EXHIBIT A**

Case 1:05-cr-10019-RGS   Document 129   Filed 01/22/2008   Page 5 of 11

# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

       v.                          CRIMINAL NO. 2005-10019-RGS

DANIEL W. McELROY,
AIMEE J. KING McELROY,
XIEU VAN SON,
      Defendants.

## ORDER ON MOTION #51
## AND PROTECTIVE ORDER

COLLINGS, U.S.M.J.

      It is ORDERED that Motion #51 be, and the same hereby is, ALLOWED. Counsel for the defendants Daniel W. McElroy and Aimee J. King McElroy are ORDERED to provide copies of any documents they receive pursuant to the subpoenas ("the documents") to the Assistant U.S. Attorney prosecuting this case within three (3) business days of receipt. Further, counsel for the defendants Daniel W. McElroy and Aimee J. King McElroy and the Assistant U.S. Attorney are ORDERED to keep the documents CONFIDENTIAL; neither the documents not their contents shall be disclosed to any other person (including

the defendants) without leave of Court. Further, counsel for the defendants Daniel W. McElroy and Aimee J. King McElroy and the Assistant U.S. Attorney are ORDERED to obtain leave of Court before disclosing the contents of any of the documents either in court filings or at trial.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

October 11, 2005.

# **EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                                  )<br>)<br>DANIEL W. McELROY,                       )<br>AIMEE J. KING McELROY, and     )<br>XIEU VAN SON                                  )<br>_____) | CASE NO. 05-10019-RGS |

**MOTION OF DEFENDANTS DANIEL W. McELROY AND AIMEE J. KING McELROY FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS DUCES TECUM PURSUANT TO FED. R. CRIM. P. 17(c) TO DICH TRIEU AND CHARLES WALLACE FOR PRETRIAL PRODUCTION OF COPIES OF DELINQUENT PERSONAL <u>FEDERAL TAX RETURNS</u>**

Pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, defendants Daniel W. McElroy ("Mr. McElroy") and Aimee J. King McElroy ("Ms. King") move this Court to enter an Order authorizing the issuance of subpoenas *duces tecum* to Dich Trieu and Charles Wallace for the production of all delinquent personal federal tax returns that were filed by Mr. Trieu after August 7, 2001 and Mr. Wallace after October 1, 2001, the dates they signed proffer letter agreements and became government cooperating witnesses. Mr. McElroy and Ms. King submit that the production of this highly probative evidence involving key government witnesses is essential in the preparation of their defense, as it would cast doubt on the credibility of the witnesses' testimony and expose their motive for cooperating with the government. Pursuant to Local Rule 7.1, a good faith attempt was made to eliminate or narrow the issues raised in this Motion through a conference with counsel for the government. Counsel for the government stated that he would neither oppose nor assent to the defendants' motion for an Order authorizing issuance of pretrial subpoenas pursuant to Fed. R. Crim. P. 17(c). In further support of this

Motion, Mr. McElroy and Ms. King incorporate their Memorandum of Law filed simultaneously herewith.

Respectfully Submitted,

| DANIEL W. McELROY | AIMEE J. KING McELROY |
|---|---|
| By his Attorneys, | By her Attorney, |
| *Stephen R. Delinsky* (ARM) | *Jack Zalkind* (ARM) |
| Stephen R. Delinsky (BBO #119120) | Jack I. Zalkind (BBO #538840) |
| Andrew R. McConville (BBO #632804) | One International Place, 18th Floor |
| ECKERT, SEAMANS, CHERIN & MELLOTT, LLC | Boston, Massachusetts 02110 |
| One International Place, 18th Floor | Telephone: (617) 227-3950 |
| Boston, Massachusetts 02110 | Facsimile: (617) 342-6899 |
| Telephone No.: (617) 342-6800 | |
| Facsimile No.  (617) 342-6899 | |

DATED: August 29, 2005

## CERTIFICATE OF SERVICE

I, Frank D. Camera, do hereby certify that I have served a copy of the foregoing Motion to Quash Subpoena for Production of Records and Memorandum of Law via in hand service, to all interested parties in the above-captioned matter on this 22nd day of January 2008.

_____
Frank D. Camera, Esq.