UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 05-10019-RGS |
| ) | |
| DANIEL W. McELROY and ) | |
| AIMEE J. KING McELROY ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' OPPOSITION TO
DEFENDANTS' MOTION FOR NEW TRIAL**

The United States, by its undersigned counsel, opposes defendants' Motion for New Trial. Dkt. # 128. Defendants' Motion is based solely on their contention that the Court erred in instructing the jury regarding one of the two objectives of the conspiracy charge (Count 1).[1] As an initial matter, defendants did not object to the instruction and in fact, when asked by the Court, confirmed that the instruction was accurate and clear. Moreover, as set forth below, the instruction was a correct statement of the law. Finally, even if there was error in the copies of the charge sent back with the jury, the error served only to narrow the Indictment and did not prejudice the defendants. *See United States v. Deppe*, 509 F.3d 54, 58-59 (1st Cir. 2007) (defendant cannot be prejudiced where jury instructions only narrow the indictment). Defendants' Motion should be denied.

As set forth in the defendants' brief, the Court initially charged the jury that the defendants were charged with a conspiracy to procure false tax returns. (Def. Mem. at 1; 2/12 Transcript Excerpt at 14). Defendants then objected as the Indictment charged the defendants with a so-called *Klein* conspiracy – or a conspiracy to defraud the United States by obstructing and impeding the Internal Revenue Service in the collection of taxes. *Id. See also* Indictment, ¶

---

[1] The defendants were charged with a conspiracy that included two objectives: to commit mail fraud and to defraud the United States. They were convicted of both objectives.

31; *United States v. Klein*, 247 F.2d 908 (2nd Cir. 1957).  The Court agreed and supplemented its instruction as follows:

> The second aspect of the conspiracy was to defraud the United States Treasury. That differs from the later counts.  Remember when I was explaining what it meant to procure a false tax return, I explained that an element of procuring a false tax return does not require the government to actually prove a loss to the Treasury.
>
> But with respect to the conspiracy count, the government there will have to prove that the object of the conspiracy, in fact, was to deprive the United States of revenue that the IRS would, in the ordinary course, have otherwise collected.
>
> So the lawyers asked me to clarify the difference between the tax claim in the conspiracy count and those that are set out in the procuring counts later in the indictment.

(2/12 Transcript Excerpt at 33).

Following this instruction, the Court asked defense counsel whether it was "clear enough" and defense counsel stated "Yes, your Honor."  (2/12 Transcript Excerpt at 33). Defense counsel not only failed to object, but in fact specifically approved the revised instruction.  Accordingly, any objection has been waived.[2]  Fed. R. Crim. P. 30; *United States v. Taylor*, 54 F.3d 967, 976-77 (1st Cir. 1995) (to preserve challenge to jury instructions, litigants must raise objection before the jury retires to deliberate).

Defendants likely did not object because the Court's revised instruction was an accurate explanation of the law.  The Court correctly instructed the jury that, in order to prove the *Klein* conspiracy charged under 18 U.S.C. § 371, the government must furnish sufficient evidence of an agreement to commit a federal crime, that the defendants wilfully joined the conspiracy, and that one coconspirator committed at least one overt act in furtherance of the agreement.  *See*

---

[2] Absent timely objection, an appellate court reviews jury instructions only for "plain error."  *See* Fed. R. Crim. P. 30(d), 52(b); *see also Deppe*, 509 F.3d at 58-59.

*United States v. Hurley,* 957 F.2d 1, 4 (1st Cir. 1992); *United States v. Cambara*, 902 F.2d 144, 146-47 (1st Cir. 1990). Defendants challenge only the Court's explanation of the first element.

As set forth above, while the Court did state in its initial instruction that one of the objectives charged was "procuring false tax returns," the Court later corrected the instruction. Defendants claim that the Court "attempted to correct its charge simply by stating that the government must prove an employment or income tax loss." (Def. Mem. at 1). But, as the transcript makes clear, that is not what happened. Rather, the Court told the jury that the defendants were charged with conspiring to defraud the United States Treasury and further explained that the government had to prove that "the object of the conspiracy, in fact, was to deprive the United States of revenue that the IRS would, in the ordinary course, have otherwise collected." That is an accurate explanation of the charges and the law.[3] *See, e.g., Klein*, 247 F.2d at 916 (noting that 18 U.S.C. § 371 "not only includes cheating the Government out of property or money, but 'also means to interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery'") (quoting *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924)); *Hurley,* 957 F.2d at 4 (stating elements of *Klein* conspiracy); *Cambara*, 902 F.2d at 146-47 (same).

Recognizing that the jury was correctly instructed, defendants now complain that the "Court did not correct the copies of the erroneous charge it provided to the jury that still contained the incorrect language." (Def. Mem. at 1). Even if that were true, the defendants did not object at the time. Moreover, providing the original charge was not plain error as the initial instruction only narrowed the Indictment and elevated the government's burden.

---

[3] It is not necessary for the government to prove tax loss. To establish a *Klein* conspiracy, the government need only prove that the object of the conspiracy was to impede the functions of the IRS with respect to the collection of taxes. *See*, *e.g., Klein*, 247 F.2d at 916.

3

The Court's initial instruction suggested that, to find the defendants guilty of the *Klein* conspiracy, the jury must find that they specifically conspired to procure false tax returns (i.e., that they agreed to wilfully aid the filing of false IRS Forms 941).[4] But, as defense counsel pointed out, the government did not need to prove that the defendants agreed to commit that specific crime with respect to the conspiracy count. All that they jury had to find was that the defendants somehow conspired to defraud the United States. Procuring false tax returns is only one of the many ways in which the jury could have found that the defendants impeded and obstructed the functions of the IRS in connection with the collection of taxes. *Hurley*, 957 F.2d at 4 (participation in tax evasion scheme sufficient to support conviction for *Klein* conspiracy); *Cambara*, 902 F.2d at 146-47 (*Klein* conspiracy proven where government introduced evidence of an agreement to launder money derived from drug trafficking). Thus, even if the initial instruction was provided to the jury, any error was harmless as (1) the Court correctly instructed the jury prior to their deliberations; and (2) the initial instruction actually narrowed the Indictment.[5] See *Deppe*, 509 F.3d at 59 ("When the putative error in a criminal jury instruction is such that it tends to narrow the indictment or elevate the government's burden of proof, the defendant cannot be hear to complain about prejudice" (quoting *United States v. Lizardo*, 445 F.3d 73, 86 (1st Cir. 2006)).

---

[4] In addition to the conspiracy charge, defendants also were charged with three counts of mail fraud and 14 counts of procuring false tax returns. Accordingly, the jury was instructed on the elements of procuring false tax returns and the defendants were convicted of all 14 of those substantive tax counts.

[5] The verdict slip identified the two separate objectives of the conspiracy and correctly identified the first object as "to defraud the United States." This further eliminated the possibility of prejudice to the defendants.

4

In sum, the Court's instructions regarding the *Klein* conspiracy were accurate and, even if there were any error in the copy provided to the jury, the error only narrowed the Indictment and did not prejudice the defendants.

## CONCLUSION

For the foregoing reasons, Defendants' Renewed Motion for New Trial should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: March 31, 2008

By: */s/ Sarah E. Walters*
JONATHAN F. MITCHELL
SARAH E. WALTERS
Assistant U.S. Attorneys
John J. Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

Dated: March 31, 2008

*/s/ Sarah E. Walters*
SARAH E. WALTERS