UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 05-10019-RGS |
| ) | |
| DANIEL W. McELROY and ) | **Leave to File Granted on July 15, 2008** |
| AIMEE J. KING McELROY, ) | |
| ) | |
| defendants. ) | |

**UNITED STATES' REPLY TO DEFENDANT DANIEL W. McELROY'S
SENTENCING MEMORANDUM**

The United States submits this Reply to correct a factual misrepresentation made on the first page of the defendant McElroy's Sentencing Memorandum in which McElroy furthers his argument that the government has engaged in "illegal fact manipulation." (*See* Def. Mem. at 1 and Presentence Report at 37). Specifically, McElroy submitted the Prosecution Version of Offense Conduct that was provided to the Probation Office in connection with Wallace's guilty plea ("Wallace Prosecution Version") and represented that the government made that submission to the Probation Office in October 2007 – approximately three months prior to McElroy's trial.

As McElroy is well aware, however, the government submitted the Wallace Prosecution Version, and the loss figures contained therein, to the Probation Office when Wallace pleaded guilty in March 2005. The government advised McElroy of the same when it produced the document to him in November 2007. *See* Letter from Sarah E. Walters to Defense Counsel, dated November 5, 2007, attached hereto (stating that the Wallace Prosecution Version was submitted to Probation when the "plea agreements were executed").

As set forth in the government's Sentencing Memorandum, the loss figures included in the Wallace Prosecution Version were calculated based on information available, and investigation completed, as of March 2005 (not as of October 2007). The true losses attributable to McElroy's ongoing scheme were calculated after more than three years of additional

investigation and trial. They are more accurate and reliable than those available when Wallace pled guilty. For that reason, McElroy has been unable to articulate how or why the losses in his Presentence Report are, in his words, "invalid." The losses attributable to McElroy are accurate and appropriate.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

Dated: July 15, 2008

                              By: */s/ Sarah E. Walters*
                                   JONATHAN F. MITCHELL
                                   SARAH E. WALTERS

### CERTIFICATE OF SERVICE

     I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

Dated: July 15, 2008

                                        */s/ Sarah E. Walters*
                                        SARAH E. WALTERS



U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*
*Writer's Direct Dial: (617) 748-3130*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 5, 2007

Stephen R. Delinsky, Esq.
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02210

Jack I. Zalkind, Esq.
Zalkind & Associates
One International Place
Boston, MA 02210

      Re:    United States v. Daniel W. McElroy and Aimee J. King McElroy
              Criminal No. 05-10019-RGS

Dear Counsel:

      In connection with the government's continuing discovery obligations, enclosed please find the following materials:

1. A schematic drawing of the Offices of Daily A. King Labor, Pro-Temp Company and Precission Temp. Corp.;

2. Color copies of photographs of the Offices of Daily A. King Labor, Pro-Temp. Company and Precission Temp. Corp.;

3. Reports of interviews of A.L. Anderson, Joseph Dirico, John Doherty, and Michael F. Powers, with attachments;

4. Documents and information concerning the bankruptcy petition filed by Xieu Van Son, including a cassette tape of the 341 proceeding, a transcript of that proceeding and the bankruptcy petition and related documentation; and

5. The prosecution versions of the offense conduct for Charles Wallace, Dich Trieu,

November 5, 2007
Page 2

and Xieu Van Son, which were provided to the Probation Office in connection with the plea agreements executed by all three individuals. Please note that these documents, which were printed on October 30, 2007, were created and provided to the Probation Office at the time that the plea agreements were executed.

Some of these materials are likely duplicative of materials or information provided to you both before and after the Indictment of this matter.

In addition, please be advised that, during the course of the investigation of this case, the government became aware that Xieu Van Son was employed during the period when his bankruptcy petition was pending and suspected that he had failed to report that income. The FBI disclosed that information to the Office of the United States Trustee. The Trustee advised that Mr. Son's failure to report employment income in his petition may constitute bankruptcy fraud and made a criminal referral to the FBI and the U.S. Attorney's Office. Despite the referral, no bankruptcy fraud charges were filed against Mr. Son.

Finally, by letter dated October 29, 2007, I advised that we were providing copies of workers' compensation insurance policies issued to Pro Temp. Company for the years 1995 and 1997. The letter was not correct as, on October 29, and as you may have determined by now, we provided copies of workers' compensation insurance policies issued to Pro Temp. Company for the years 1993, 1994, 1995, 1996 and 1997.

Please contact me at (617) 748-3130 with any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*
Sarah E. Walters
Assistant U.S. Attorney